**UNITED STATES of America**

v.

**CASCADE LINEN SUPPLY CORP. OF NEW JERSEY; Consolidated Laundries Corporation; Central Coat, Apron & Linen Service, Inc.; General Linen Supply & Laundry Co., Inc.; Modern Silver Linen Supply Co., Inc. (a New York corporation); Modern Silver Linen Supply Co., Inc. (a New Jersey corporation); Standard Coat, Apron & Linen Service, Inc. (a New York corporation); Standard Coat, Apron & Linen Service, Inc. (a New Jersey corporation); Linen Supply Institute of Greater New York, Inc.; Linen Service Council of New Jersey; Louis Gordon; Harry Kessler; Charles Maslow; Jack Orlinsky; Fred S. Radnitz and Sam Spatt.**

United States District Court
S. D. New York.
March 17, 1958.

See also 159 F.Supp. 860.

Richard B. O'Donnell, John D. Swartz, Richard Owen, Morris F. Klein, Bernard Wehrman, Paul D. Sapienza and Ronald S. Daniells, Attys., Dept. of Justice, for the United States.

Jacob Landau and Charles Schinitsky, New York City, for Consolidated Laundries Corp.

Edward J. O'Mara, Jersey City, N. J. (James A. Hession, Jersey City, N. J., and Benjamin Levine, of counsel), for Cascade Linen Supply Corp. of N. J.

Bauman, Epstein & Horowitz, New York City (Arnold Bauman and W. A. Newcomb, New York City, of counsel), for Central Coat, Apron & Linen Service, Inc., and another.

Cahill, Gordon, Reindel & Ohl, New York City (John F. Sonnett and Asa Sokolow, New York City, of counsel), for General Linen Supply & Laundry Co., Inc., and another.

Halperin, Natanson, Shivitz, Scholer & Steingut, New York City (Harry J. Halperin, Samuel L. Scholer and Theodore P. Halperin, New York City, of counsel), for Modern Silver Linen Supply Co., Inc. (a New York corporation), and others.

Laporte & Meyers, New York City (Ernest S. Meyers and Jules E. Yarnell, New York City, of counsel), for Standard Coat, Apron & Linen Service, Inc., and another.

Edward J. O'Mara, Jersey City, N. J., (James A. Hession, Jersey City, N. J., of counsel), for Standard Coat, Apron & Linen Service, Inc. (a New Jersey corporation), and others.

Myron P. Gordon and Chester E. Kleinberg, New York City, for Linen Supply Institute of Greater New York, Inc., and another.

Mervin C. Pollak and Norman M. Sheresky, New York City, of counsel, for all defendants.

PALMIERI, District Judge.

This is a criminal anti-trust case being tried by me without a jury. Fed.R.Crim. P. 23(a), 18 U.S.C.A. The Government

having presented its evidence, all the defendants have moved for judgments of acquittal pursuant to Fed.R.Crim.P. 29 (a). A preliminary question has arisen as to the standard by which the Government's evidence is to be considered in passing on these motions. I have announced, from the bench, my intention of determining these motions on the basis of whether the Government has introduced evidence sufficient to sustain a conviction.

Citing United States v. Camp, D.C. Hawaii 1956, 140 F.Supp. 98, defendants contend that I must determine "whether the government has so far substantiated its case, that absent a defense the court *would* find the defendant guilty * *."* Id. at page 99. In support of this contention, defendants make two principal arguments:

■ First: That any departure from the rule of the Camp case, supra, penalizes defendants for having waived a jury. There is no merit to this argument. In this Circuit, in a jury case, the well established rule is that, on a motion for a judgment of acquittal, the judge, if he is to let the case go to the jury, must be satisfied only that there is evidence from which the accused's guilt might be found. He is not placed under the additional obligation to find that reasonable men might be so satisfied beyond a reasonable doubt. E.g., United States v. Gonzales Castro, 2 Cir., 228 F.2d 807, certiorari denied, 1956, 351 U.S. 940, 76 S.Ct. 838, 100 L.Ed. 1477.[1] To determine these motions on the basis urged by defendants would, therefore, change the standards of review on such a motion greatly in their favor. Conversely, to determine these motions on the basis I have heretofore announced does not in any way lighten the burden which the Government's evidence must meet.

Second: Defendants also assert that I would be bound, if this were a civil case, to determine, at the close of the Government's evidence, whether the Government has sustained its burden of proof. They argue that I can do no less in a criminal case. While there are a number of statements indicating that such would be my duty in a civil case,[1a] Fed.R.Civ.P. 41(b), 28 U.S.C.A., clearly goes no further than providing the power to enter judgment at the close of the plaintiff's case:

> "In an action tried by the court without a jury the court as trier of the facts *may* then determine them and render judgment against the plaintiff *or may decline to render any judgment until the close of all the evidence."* (Emphasis added.)

The Court of Appeals for the Second Circuit, in Huber v. American President Lines, 2 Cir., 1957, 240 F.2d 778, cited by defendants, did no more than recognize this power. Cf. 5 Moore, Federal Practice, par. 41.13[4] (2d ed. 1951).[2] Assuming that I have similar power in a criminal case, I decline to exercise it here. To determine, at this time, on the basis of a trial record of almost four thousand pages and a large number of exhibits, whether the Government has proven, beyond a reasonable doubt, the guilt of these defendants, would, at the very least, severely impair the orderly disposition of the issues of this case. And, what is more important, to deter-

---

1. See Pierce v. United States, 1920, 252 U.S. 239, 251–252, 40 S.Ct. 205, 64 L.Ed. 542.

1a. Penn-Texas Corp. v. Morse, 7 Cir., 1957, 242 F.2d 243, 246–247; Benton v. Blair, 5 Cir., 1956, 228 F.2d 55, 58; Allred v. Sasser, 7 Cir., 1948, 170 F.2d 233, 235; Brahms v. Moore-McCormack Lines, Inc., D.C.S.D.N.Y.1955, 133 F. Supp. 283, 284; United States v. Borden Co., D.C.N.D.Ill.1953, 111 F.Supp. 562, 566 modified on other grounds, 1954, 347 U.S. 514, 74 S.Ct. 703, 98 L.Ed. 903. It does not appear that the parties in any of these cases raised the question of whether Fed.R.Civ.P. 41(b) imposed a duty upon the trial judge, or merely provided him with power to act.

2. "[I]t is entirely appropriate that the court have the power to weigh the evidence, consider the law, and find for the defendant at the close of plaintiff's case. This does not mean that it will always be advisable for the court to do so."

mine these motions on the basis contended for by defendants would be tantamount to submitting the evidence to the trier of the facts twice. To this defendants are not entitled.

I have considered defendants' other contentions on this point but I do not feel that they merit discussion. I am unable to understand defendants' contentions that the presumption of their innocence and their right to remain silent and offer no proof are in some way diminished or impaired by my ruling. At other times during this trial, defendants have advanced contentions which amount to a claim that their waiver of a jury trial operates to divest me of my powers as judge of the law in this case,[3] or that my two functions in this case collide in some way as to afford them the right to claim prejudice either from the discharge of my duty to apply the law or my duty to decide the facts. The obligation to measure the evidence against the rule of reasonable doubt arises only when both sides have rested, and this is as true in a case tried to a jury as it is in one in which a jury is waived. This obligation cannot arise from a resting of the Government's case alone and a motion for acquittal. In this posture, the moving defendants are entitled to invoke the Court's power to enter a judgment of acquittal as a matter of law, but not to impose the duty of rendering findings on the facts. The latter occurs only upon the final termination of the proof and is the final conclusion of the trier of the facts on the totality of the evidence. Short of the resting of both sides there can be no totality of evidence, no obligation to render findings, and necessarily, no occasion for applying the rule of reasonable doubt.

Accordingly, in passing on these motions I decline to follow the holding in the Camp case, supra. I will determine these motions as judge of the law in this case and not as the trier of the facts. United States v. Maryland & Virginia Milk Producers' Ass'n, D.D.C. 1950, 90 F.Supp. 681, 684, reversed on other grounds, 1951, 90 U.S.App.D.C. 14, 193 F.2d 907. My determination will be based on whether, giving the Government the benefit of all the inferences that might reasonably flow from its evidence, there is sufficient evidence from which it could be found that the essential elements of the charges framed by the indictment have been proven. Obviously, this determination will not bind me when, as trier of the facts in this case, and at the close of *all* the evidence, I determine what portions of the proof adduced are credible; the weight I must attribute to this evidence; and whether the sum of this evidence is sufficient to establish the defendants' guilt beyond a reasonable doubt.

3. See my earlier opinion in this case on the production of Grand Jury minutes, footnote 4. 159 F.Supp. 860, at page 862.