[Crim. No. 30338. Second Dist., Div. Two. Dec. 14, 1977.]

THE PEOPLE, Plaintiff and Appellant, v.
JESUS QUIROZ MARTINEZ, Defendant and Respondent.

**COUNSEL**

John K. Van de Kamp, District Attorney, Donald J. Kaplan and Dirk L. Hudson, Deputy District Attorneys, for Plaintiff and Appellant.

Wilbur F. Littlefield, Public Defender, Harold E. Shabo, Elinor B. Levinson and Paul Burke, Deputy Public Defenders, for Defendant and Respondent.

**OPINION**

**BEACH, J.**—Respondent Jesus Quiroz Martinez was charged with assaulting a police officer with a deadly weapon in violation of Penal Code section 245, subdivision (b). As authorized by Penal Code section 1238, subdivision (a)(1), the People appeal from the superior court's order of dismissal entered after the granting of respondent's Penal Code section 995 motion and contend: "The 995 motion was erroneously

granted because sufficient evidence was presented at the preliminary hearing to justify the magistrate as trier of fact in entertaining a strong suspicion that respondent in throwing a beer bottle at a marked patrol car which shattered on the elbow of an exiting uniformed police officer had thereby committed an assault on a peace officer by means of force likely to produce great bodily injury."

The evidence introduced at the preliminary hearing established that on November 25, 1976, at approximately 7:30 p.m. Officer Robert L. Claycomb and his partner, Officer Lester, were in uniform in a black and white police unit when they responded to another officer's call for assistance directing them to 12905 Carl Place in Pacoima. Upon arrival, Officer Claycomb observed a group of approximately fifty young males and females yelling obscenities directed toward two uniformed officers who were preparing to impound a vehicle which was blocking the road. While the four officers were standing together in a group, unidentified parties threw beer cans and later, beer bottles, in their direction, one of which narrowly missed a small child. Another police unit arrived. Some of the officers then began questioning members of the crowd, including respondent, as to which parties were responsible for throwing the missiles. After the vehicle had been impounded, Officer Claycomb started his engine and waited for the other two units to leave the scene. Officer Claycomb and Officer Lester were looking behind them to guard their departure when respondent, a male Latin, wearing a green military style jacket and carrying a brown bottle in his right hand, crouched down in a "military" or "hand grenade stance" and threw the bottle. The bottle first hit one of the departing police cars, bounced off, and then shattered against Officer Claycomb's elbow as he was alighting from his police vehicle, throwing glass and beer over him and on his eyeglasses. Respondent ran into one of the apartments at 12905 Carl Place where he was apprehended by Officer Lester. At the time respondent threw the bottle, there was no one between him and Officer Claycomb, and the last object that had been launched prior to respondent's had been hurled two minutes earlier.

At the hearing on respondent's motion to set aside the information, the court announced its decision in the following manner: "THE COURT: At this point, based upon the motion under 995 of the Penal Code, the Court would find, one, that there is not sufficient evidence of an assault with a deadly weapon under section 245, and does not feel that there is

even sufficient evidence under 241 of an assault upon a peace officer. . . . I think at best here I think I could sustain a . . . simple assault . . . ."[1]

█ "Section 872 of the Penal Code provides in substance that if it appears from the preliminary examination that a public offense has been committed, 'and there is sufficient cause to believe the defendant guilty thereof,' the magistrate must make an order holding him to answer. . . . ' "Sufficient cause" and "reasonable and probable cause" means such a state of facts as would lead a man of ordinary caution or prudence to believe and conscientiously entertain a strong suspicion of the guilt of the accused . . . .' " (*Williams* v. *Superior Court,* 71 Cal.2d 1144, 1147 [80 Cal.Rptr. 747, 81 Cal.Rptr. 761, 458 P.2d 987].)

█ "Such facts need not be enough to support a conviction, and an information may not be set aside if there exists some rational ground for assuming the possibility that an offense has been committed and that the defendant is guilty of it. . . . Consequently, on review, every legitimate inference which can be drawn in favor of the information must be; and if the appellate court finds *some* evidence to support the commitment, it cannot inquire into the sufficiency of that evidence. [Citation.]" (*People* v. *Mardian, Jr.,* 47 Cal.App.3d 16, 38 [121 Cal.Rptr. 269].)

█ "An assault is an unlawful attempt, coupled with the present ability, to commit a violent injury on the person of another, or in other words, it is an attempt to commit a battery." (*People* v. *Rocha,* 3 Cal.3d 893, 899 [92 Cal.Rptr. 172, 479 P.2d 372].) █ Although reckless conduct alone does not constitute a sufficient basis for assault or for battery even if the assault results in an injury to another, "when an act inherently dangerous to others is committed with a conscious disregard of human life and safety, the act transcends recklessness, and the intent to commit the battery is presumed; the law cannot tolerate a deliberate and conscious disregard of human safety." (*People* v. *Lathus,* 35 Cal.App.3d 466, 470 [110 Cal.Rptr. 921].) █ In the instant case, the evidence presented at the preliminary hearing disclosed circumstances from which the magistrate reasonably inferred that respondent acted with a wanton and willful disregard for human life. That respondent may

---

[1]We are wholly unable to comprehend the court's reasoning in this respect. If the evidence was sufficient to sustain a complaint charging any form of assault, it is indisputable that such assault was committed "with a deadly weapon or instrument or by . . . means likely to produce great bodily injury upon the person of a peace officer . . ." known to be engaged in the performance of his duties. (Pen. Code, § 245, subd. (b).)

not have intended to strike Officer Claycomb specifically is irrelevant (*People* v. *Rocha, id.* at p. 899) since it may be inferred from his conduct alone that he had the requisite general intent to commit an assault with a deadly weapon. (See *id.* and *People* v. *Gaines,* 247 Cal.App.2d 141, 148 [55 Cal.Rptr. 283].)

The order under review is reversed.

Roth, P. J., and Fleming, J., concurred.