[Crim. No. 31935. Second Dist., Div. Two. July 19, 1978.]

THE PEOPLE, Plaintiff and Appellant, v.
ROY GENE THOMAS, Defendant and Respondent.

## COUNSEL

John K. Van de Kamp, District Attorney, Donald J. Kaplan and Daniel Lee Bershin, Deputy District Attorneys, for Plaintiff and Appellant.

Seymour R. Holtzman, under appointment by the Court of Appeal, for Defendant and Respondent.

## OPINION

**ROTH, P. J.**—Respondent Roy Gene Thomas was charged by information with violating Penal Code sections 136, 137.[1] His motion to set aside the information (Pen. Code, § 995) was granted and the People appeal.

---

[1]Penal Code section 136, subdivision (b), provides in pertinent part as follows: "Every person who willfully and unlawfully prevents or dissuades by means of force or threats of unlawful injury to person or property, any person who is or may become a witness, from attending upon any trial, proceeding, or inquiry, authorized by law, is punishable . . . ."

Penal Code section 137, subdivision (b), provides, in pertinent part as follows: "Every person who attempts by force or threat of force or by the use of fraud to induce any person to give false testimony or withhold true testimony is guilty of a felony. [¶] As used

■ The People introduced the following evidence at the preliminary hearing: Respondent's mother, Louise Thomas, was on trial in Department 23 of the Los Angeles Superior Court, in connection with the shooting of Georgia Modock's son.[2] Georgia Modock had been told by a police officer that she was going to testify in the proceedings and was seated in the hallway outside Department 23 on June 22, 1977.[3] Respondent entered Department 23, looked at Mrs. Modock, pointed at her, and in a loud, clear, and angry voice said, according to her testimony, "that he was going to kill my mother-fucking ass and he was going to fuck me up," and " 'You put my mother in jail, you had my mother picked up.' " Mrs. Modock immediately reported the incident to a deputy sheriff in the hallway and respondent was arrested.

In granting the Penal Code section 995 motion the court said, "Well, don't get me wrong, Mr. Sweeters [deputy district attorney]. I don't condone any action from which you can draw a reasonable inference that it's an attempt to dissuade a witness from testifying. [¶] The integrity of the court system must be upheld. And although I would say that there is some suspicion, I don't think it even rises to the level of a reasonable suspicion based upon the fact that Mr. Thomas's conduct was for the purpose of dissuading the witness from testifying. [¶] What he did is censurable. What he did was wrong. What he did was a lack of control that supposedly differentiates human beings from animals. [¶] But if I accede to the argument that you're making, I would then have to say that if an individual is accused of a crime, if B is accused by A of a crime and B's brother calls up A on the phone and says, 'You charged my brother

in this subdivision, 'threat of force' means a credible threat of unlawful injury to any person or property which is communicated to a person for the purpose of inducing him to give false testimony or withhold true testimony."

[2] Georgia Modock's son "was going with Louise [Thomas], his [respondent's] mother."

[3] That Mrs. Modock had been called and testified on June 21, 1977, does not, as respondent contends, compel the conclusion that she was not going to be called as a witness or that she had been excused as a witness. Thus respondent's argument that she "could not be 'persuaded or dissuaded' from doing that which she had already done" is based upon the false premise that she was not a potential future witness.

Respondent's motion to augment the record to include a reporter's transcript of the proceedings which occurred in Judge Greenfield's chambers immediately after the subject incident which, according to respondent, would show that Mrs. Modock's attendance at the trial on June 22, 1977, was in a nonwitness capacity, is denied. Neither this transcript nor the events which are assertedly memorialized therein was presented to the magistrate. They are, therefore, not only outside of the record on appeal (*People* v. *Dobson,* 12 Cal.App.3d 1177, 1182 [91 Cal.Rptr. 443]; *People* v. *Tiffith,* 12 Cal.App.3d 1129, 1135 [91 Cal.Rptr. 176]), but they are also inapposite to the question of the correctness of the magistrate's decision that appellant should be held to answer.

with doing so and so. You're lying. I'm going to beat the crap out of you the next time I see you.' That is an attempt to dissuade a witness from testifying in court, and I can't see it. . . ." This conclusion was erroneous.

"Where, as here, the magistrate, sitting as the trier of fact, impliedly determines that words or actions are intended to prevent or dissuade a potential witness from testifying, such finding, when supported by substantial evidence, is binding on all reviewing judicial officers. There is, of course, no talismanic requirement that a defendant must say "Don't testify" or words tantamount thereto, in order to commit the charged offenses. As long as his words or actions support the inference that he (1) sought to prevent or dissuade a potential witness from attending upon a trial (Pen. Code, § 136, subd. (b)) or (2) attempted by threat of force to induce a person to withhold testimony (Pen. Code, § 137, subd. (b)), a defendant is properly held to answer.

The rules governing review of a magistrate's determination that an offense has been committed and there is sufficient cause to believe the accused guilty thereof are well known and need not be repeated. (E.g., *People* v. *Martinez,* 75 Cal.App.3d 859, 863 [142 Cal.Rptr. 515]; *People* v. *Heard,* 266 Cal.App.2d 747, 749 [72 Cal.Rptr. 374].) In the present case, the magistrate reasonably concluded that respondent's comments, uttered in a loud, clear, and angry manner, were calculated to discourage Mrs. Modock from attending and testifying at the trial in Department 23.

The order of dismissal is reversed.

Fleming, J., and Compton, J., concurred.