[Crim. No. 34558. Second Dist., Div. Two. June 18, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID J. CEBALLOS, Defendant and Appellant.

[Crim. No. 37147. Second Dist., Div. Two. June 18, 1980.]

In re DAVID J. CEBALLOS on Habeas Corpus.

**COUNSEL**

Rosana M. Selesnick, under appointment by the Court of Appeal, for Defendant and Appellant and Petitioner.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Edward T. Fogel, Jr., and Richard L. Walker, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ROTH, P. J.**—Appellant was convicted by a jury on three counts of assault with a deadly weapon, viz., a shotgun, in violation of Penal Code section 245, subdivision (a) and was found to have used that firearm in the commission of the offenses, agreeably with Penal Code section 12022.5.[1] He was sentenced to state prison for the upper base term of four years with two additional years imposed on the use finding.

On this appeal the sole contention (see fn. 1) is that appellant did not receive the effective assistance of trial counsel when the public defender who represented him failed to fully investigate and present a defense of diminished capacity and did not file a statement in mitigation on the same basis during the probation and sentencing hearing.

As presented here, it is claimed appellant functions mentally within the limits of borderline mental retardation and that his judgment is poor and his insight nil. In support of the claim, appellate counsel submits a "Consultation Record" and other medical records to these effects, all of which documents were prepared in 1970, some seven years before commission of the charged assaults, when appellant was about fourteen years old. It is likewise maintained by that counsel's declaration that trial counsel was aware of appellant's condition, and that assertion finds support in the record.[2]

---

[1]The evidence clearly established, and it is not claimed otherwise, that appellant as part of an altercation, first in and then outside a bar, armed himself with the shotgun and discharged it at three other participants, injuring each in the legs.

[2]At defense counsel's request, a psychiatrist was appointed in appellant's behalf but a scheduled examination appointment was not kept by appellant.

Accordingly, it is suggested, the requirements of *People* v. *Pope* (1979) 23 Cal.3d 412 [152 Cal.Rptr. 732, 590 P.2d 859] have not been satisfied. We find no merit in the contention and affirm the judgment.[3]

■ It has repeatedly been held that assault with a deadly weapon is a "general intent" crime. (See *People* v. *Kelly* (1973) 10 Cal.3d 565, 573 [111 Cal.Rptr. 171, 516 P.2d 875]; *People* v. *Rocha* (1971) 3 Cal.-3d 893, 898-899 [92 Cal.Rptr. 172, 479 P.2d 372]; *People* v. *Hood* (1969) 1 Cal.3d 444, 456-459 [82 Cal.Rptr. 618, 462 P.2d 370]; *People* v. *Bedolla* (1979) 94 Cal.App.3d 1, 6-7 [156 Cal.Rptr. 171]; *People* v. *Stevenson* (1978) 79 Cal.App.3d 976, 988 [145 Cal.Rptr. 301]; *People* v. *Martinez* (1977) 75 Cal.App.3d 859, 864 [142 Cal.Rptr. 515].) ■ Concomitantly, it is settled that a defendant charged with a general intent crime cannot raise a defense of diminished capacity, regardless of the extent of impairment of his mental state. (*People* v. *Drew* (1978) 22 Cal.3d 333, 344 [149 Cal.Rptr. 275, 583 P.2d 1318].) *As general propositions*, neither of these conclusions is contested by appellant. Rather it is urged that upon scrutinizing analysis of the decisions cited an argument can be fashioned that they are confined in their rationales and their intended results to instances where the diminished capacity claimed is the result of voluntary action on the part of the defendant and do not apply where, as here, an accused has, through no fault of his own, a mental capacity of lesser proportion than that of the majority of his fellows. Such an argument being possible, says appellant's present counsel, it was incumbent upon previous counsel to put it forth at the trial. We disagree.

Our conclusion in this regard has to do with our own view that the authorities referred to do not, however read, provide any substantial support for the distinction sought to be drawn by appellant, taken together with what we regard as a proper application of the standard respecting adequate representation by counsel set out in *Pope*.

When it is said a trial lawyer is obliged to perform as would a reasonably competent attorney acting as a diligent, conscientious advocate, what is meant is not that any and every conceivable defense must be proffered simply because it is conceivable, nor that he or she is to be held derelict for failing to put forth a given argument no matter how so-

---

[3]In addition to the appeal, there is before us appellant's petition for writ of habeas corpus dealing with the same question. (See *People* v. *Pope, supra,* 23 Cal.3d 412, 426.) Owing to our disposition respecting the appeal, and as the petition for the writ alleges no relevant facts other than those shown by the record, we likewise deny the petition.

phisticated, esoteric or far-fetched it may be. Rather, what is intended and all that is required is that the performance of basic duties of representation shall be carried out by counsel in the manner they would reasonably be expected to be pursued by those of his colleagues at the bar whose own level of acceptable proficiency is ascertainable through well understood methods of evaluation. The question, in other words, is not whether an attorney has been brilliant in representation of a client but only whether he or she has been adequate and competent.

Upon the facts present here, having reviewed the cases which have dealt with the question of diminished capacity as a defense, a reasonably competent attorney would have concluded, as did trial counsel, that nothing would be gained through urging that defense in a context wherein authority has consistently held it inappropriate. Election by counsel to forego the attempt under such circumstances is, in our opinion, proof of competence.

Nor was there any misfeasance at the time of sentencing, since the record makes clear not only that trial counsel urged the question of retardation in mitigation[4] but that the same information was present in appellant's probation report, which was read and considered by the court.

The judgment is affirmed. The petition for writ of habeas corpus (see fn. 3) is denied.

Compton, J., and Beach, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 13, 1980.

---

[4][Defense Counsel.] "Originally I had a psychiatrist appointed. Mr. Ceballos never did appear for the appointment. Because I, myself, had a few questions not in terms of the general intent crime but just in terms of what I might be dealing with overall, and under the circumstances I would request that the Court either possibly put it over and have that kind of a check made or impose probation after a year in the County Jail with the condition of receiving counseling and more structured type of probation. They do have the intensive type of supervision.

"I would suggest if the Court is not inclined to follow that request and more inclined to follow the probation report, that the Court sentence Mr. Ceballos under 1203.3, that there be a 90-day observation, so I could get the feedback from the prison authorities how they think he should be best handled, whether they agree with the probation report and that would be appropriate or whether there is something in terms of the mental condition or, as mentioned, borderline retardation, if that comes into such an effect that perhaps he should be receiving some other sort of treatment that can be given in the community or by the State."