STATE of South Dakota, Plaintiff
and Appellee,

v.

Patricia LARSON, Defendant
and Appellant.

No. 12976.

Supreme Court of South Dakota.

Submitted on Briefs May 21, 1980.

Decided July 23, 1980.

Lori S. Wilbur, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

A. Thomas Pokela of Braithwaite & Cadwell, Sioux Falls, for defendant and appellant.

MORGAN, Justice.

A Minnehaha County jury convicted appellant of violating SDCL 22–34–1, injury to private property in the first degree. She appeals from that conviction on the ground that the information failed to state an offense in that it failed to allege all of the essential elements of the offense. We affirm.

Appellant and a truck driver, Kelvin Leopold (Leopold), whom she had been dating, had an argument. After separating, Leopold drove his pickup to a garage owned by his employer. Appellant apparently followed and after some further discussion with Leopold, appellant proceeded to ram her car into Leopold's pickup, thereby shoving the pickup forward into the door of the garage. Both the pickup and the garage door were damaged.[1]

Appellant was arrested and counsel appointed to represent her. She was tried before a jury and found guilty as charged. At this point appellant raised the issue of adequacy of the information for the first time. The trial court sentenced her to one year in the South Dakota State Penitentiary, Women's Reformatory Section, in Yankton, South Dakota.

---

1. Lacking a record from which to glean the factual situation, we have relied on the admissions in appellant's brief and the allegations in the complaint upon which appellant was convicted.

Appellant argues that since the State failed to allege in the information one of the essential elements of the offense charged, the information itself is void for failure to state an offense, and her conviction must therefore be reversed. We agree with appellant that the information [2] fails to allege all of the essential elements which are listed in SDCL 22–34–1.[3] Although the information fails to allege that appellant damaged the property "without the consent of the other persons," we do not find the defect in this case to be fatal.

Even though the information does not set forth all of the essential elements of the offense of injury to private property in the first degree, it does set forth the statute which appellant violated, and the jury instructions numbered 8[4] and 9[5] do allege all of the essential elements, including the one omitted from the information. This is sufficient to correct the defect in the information. "[W]e conclude that the defect, if any . . . was cured by the trial court's instruction . . . which clearly informed the jury [of] the essential elements

. . . ." *State v. Giuliano*, 270 N.W.2d 33, 38 (S.D.1978).

Apparently the evidence to support the giving of the instructions was introduced without objection. Trial court proceedings are presumed to be correct, *Anderson v. Adamson*, 79 S.D. 429, 112 N.W.2d 612 (1962), and this is particularly true when there is no record of the proceedings complained of before us. *Crosby v. Sande*, 180 N.W.2d 164 (N.D.1970). In the instant case the record before us contains no transcript of any of the trial court proceedings. We therefore presume that evidence was introduced on *all* of the essential elements without objection.

The judgment of the trial court is affirmed.

All the Justices concur.

2. The information, in pertinent part, reads as follows:

SAM D. SECHSER, (Deputy) State's Attorney of the County of Minnehaha, in the name of, and by authority of the State of South Dakota, informs the Court: That PATRICIA LARSON on or about the 24th day of July, 1979 in the County of Minnehaha and State of South Dakota aforesaid then and there did intentionally injure, damage or destroy private property, a 1976 Dodge pickup truck and a building, in which other persons, Kelvin Leopold and Gene Ford, respectively, have an interest, and which damage to both said pickup and building was in a value of more than two hundred dollars each, and is intentional injury to private property in the first degree, which conduct was in violation of SDCL 22–34–1[.]

3. SDCL 22–34–1, in pertinent part, reads as follows:

Any person who intentionally injures, damages, or destroys public property without the lawful consent of the appropriate governing body having jurisdiction thereof, or private property in which other persons have an interest, other than by arson under chapter 22–33, without the consent of the other persons is punishable according to the following schedule.

4. Jury Instruction 8 reads as follows:

It is provided by a statute of this State that any person who intentionally damages private property in which other persons have an interest, without the consent of such other persons, is guilty of intentional damage to property.

The statute provides that when the damage exceeds $200.00 the offense is intentional damage to property in the first degree.

5. Jury Instruction 9 reads as follows:

The essential elements of the offense of intentional injury to property in the first degree as charged in the Information are:

1. That Patricia Larson on or about July 24, 1979, in Minnehaha County, damaged a 1976 pickup truck and a building.

2. That Kelvin Leopold had an interest in the pickup and Gene Ford had an interest in the building.

3. That Patricia Larson did not have the legal consent of either Kelvin Leopold or Gene Ford.

4. That she damaged the pickup and building intentionally.

5. That the damage to the pickup and building was more than $200.00 each.

Each of these elements the State must prove beyond a reasonable doubt.