STATE of South Dakota, Plaintiff and Appellee,

v.

Cecelia Rose WILLIAMS, Defendant and Appellant.

No. 13029.

Supreme Court of South Dakota.

Submitted on Briefs Sept. 9, 1980.

Decided Oct. 22, 1980.

Mark Smith, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Thomas W. Parliman, Sioux Falls, for defendant and appellant.

MORGAN, Justice.

A Minnehaha County jury found appellant guilty of violating SDCL 22 18 1.1(1), aggravated assault. The trial court sentenced her to serve three years at the South Dakota State Penitentiary, Women's Reformatory Section, in Yankton, South Dakota. Appellant appeals from that conviction and sentencing. We affirm.

On July 31, 1979, several people gathered together at Heritage Park in Sioux Falls. Among those present were Wilma Weisner, Cecelia Rose Williams (appellant), Levi Big Crow, Donna Quinn, Terry Blaine, and Santos Sounding Sides.

Late that evening an argument developed between Big Crow and Weisner. He began hitting her with his fist and knocking her around, eventually knocking her to the ground. Appellant, who was wearing sandals at the time, got up from the picnic table where the group was sitting and started kicking Weisner. The attack ended shortly thereafter, only to be started again with Quinn joining appellant and Big Crow in kicking Weisner. They again ceased the attack, after which Sounding Sides began

singing and Big Crow began dancing around, and at one point police officers arrived to tell them to be quiet.

Later, in the early morning hours of August 1, 1979, a major altercation broke out. Big Crow knocked Weisner to the ground and began hitting her. By then Weisner had begun bleeding. Quinn began kicking Weisner, but because Quinn's moccasins were doing no real damage, Big Crow let her wear his cowboy boots. Quinn put the boots on, then kicked Weisner in the legs and back. After awhile Quinn took off the boots and hit Weisner about the face with the heel of one of the boots. Quinn gave the boots back to Big Crow and he put them on.

Big Crow, appellant, and Quinn used Blaine's and Big Crow's belts to hit Weisner, who was still lying on the ground. Appellant started out swinging the buckle end of the belt at Weisner's legs. Blaine's belt, which appellant used, had small metal studs on it. Appellant continued swinging the belt in that manner at Weisner, hitting her all the way up her body until she came to Weisner's head where she hit her a few times along the side of her face. Blaine told appellant to stop and sit down, which she did. Big Crow stood on the bench part of the picnic table and jumped onto Weisner, after which he climbed on top of the table and again jumped off onto Weisner.

Pursuant to Big Crow's instructions, appellant and Quinn carried Weisner to the bathhouse by the swimming pool and laid her next to it. At that point the only sounds that Weisner made were moaning sounds, and she was bleeding profusely from several lacerations about the head. The group left, leaving Weisner lying by the bathhouse. Later that morning a park employee found Weisner's body. It was determined from an autopsy that Weisner had bled to death from the cuts about her face.

Big Crow, Quinn, and appellant were charged with violating SDCL 22-18-1.1(1).[1]

---

1. SDCL 22-18-1.1(1) reads:
   Any person who:

(1) Attempts to cause serious bodily injury to another, or causes such injury, under cir-

The day before their trial, Big Crow and Quinn each pleaded guilty to the charge. Appellant was then tried alone. The jury found appellant guilty as charged, and the trial court sentenced her to three years at the State Penitentiary, Women's Reformatory Section, in Yankton, South Dakota.

█ Under SDCL 22 18 1.1(1)[2] the State had the burden of proving two essential elements: (1) That appellant attempted to or did cause serious bodily injury to Weisner; and (2) that appellant acted under circumstances that manifested extreme indifference to the value of human life. Appellant alleges that because the indictment failed to charge that she caused serious bodily injury to Weisner, the indictment is fatal. The indictment, in pertinent part, reads as follows:

> That on or about August 1, 1979, in the County of Minnehaha, State of South Dakota, DONNA RAE QUINN, CECELIA ROSE WILLIAMS, and LEVI D. BIG CROW did commit the public offense of aggravated assault in that DONNA RAE QUINN, CECELA (sic) ROSE WILLIAMS, and LEVI D. BIG CROW did wilfully, unlawfully, and feloniously cause injury to the person of Wilma Weisner, under circumstances manifesting an extreme indifference to the value of human life, which conduct was in violation of SDCL 22 18 1.1(1), contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of South Dakota, and prays that the said Defendants may be arrested and dealt with according to law.

The indictment, therefore, does fail to allege one of the essential elements of the statute; that is, that appellant attempted

to or did cause serious bodily injury to Weisner.

The effect of such an omission was thoroughly discussed in this court's recent opinion of *State v. Larson*, 294 N.W.2d 801 (S.D.1980). In *Larson* this court affirmed the trial court even though the information failed to allege all of the essential elements of the crime charged, since at trial the State proved all of the essential elements, and the trial court instructed the jury on all of the essential elements of the offense charged. The same is true in this case.[3] On the basis of *Larson*, then, any defect was cured.

A criminal trial is not a game where defendant's counsel may lie in the weeds and hold back motions or objections that go to the very heart of the prosecution. There exist ample means of attacking the sufficiency of the charge prior to trial. SDCL 23A 8 2. The introduction of evidence to support any criminal charge can and must be objected to in order to preserve the record. SDCL 23A 22 2; SDCL 19 9·3(1).

█ We want to point out, however, that the State may not obtain a conviction for an offense without first putting a defendant on sufficient notice as to the offense he is being charged with. To fail to inform a defendant of the charges against him with sufficient certainty so that a person of common understanding would know the accusation against him, so that he could adequately prepare his defense prior to his trial on the charge and plead the judgment as a bar to any subsequent prosecution for the same offense, would be to violate one of his most basic constitutional rights. S.D.Const. art. VI, § 7; see also SDCL 23A 6 ·7(5). It is essential that a defendant know and under-

---

cumstances manifesting extreme indifference to the value of human life;

.    .    .    .    .

is guilty of aggravated assault. Aggravated assault is a Class 4 felony.

**2.** See note 1 infra.

**3.** Jury instruction number 9 reads:
The essential elements of the offense of aggravated assault as charged in the Indictment are:

1. That on or about August 1, 1979, in Minnehaha County, Cecelia Rose Williams caused serious bodily injury to Wilma Weisner.
2. That she acted under circumstances manifesting extreme indifference to the value of human life.

Each of these elements the State must prove beyond a reasonable doubt.

stand of what he is being accused. In the instant case appellant knew and understood that the assault she was charged with stemmed from the assault on Wilma Weisner which very shortly thereafter resulted in Weisner's death. There simply can be no question that injuries resulting in death are serious! The three defendants, including appellant, were charged severally. Appellant admitted not only to having been present at the assault, but also to having kicked Weisner, having hit her with Blaine's belt, having dumped her bleeding body by the bathhouse, and having left her there where she died from the injuries received during the assault. Appellant's constitutional rights were not violated, because a person of common understanding would have been sufficiently aware of the charges against him based on the indictment involved herein. The indictment, therefore, was sufficient. SDCL 23A 6 14.

Appellant next argues that since the indictment failed to allege all of the essential elements for the offense of aggravated assault, it only alleged the offense of simple assault. The latter offense, therefore, was the only offense on which the trial court should have instructed the jury, so that it erred in submitting the charge of aggravated assault to the jury. This argument is necessarily disposed of by our holding that any defects in the indictment were cured.

Appellant's final issue is that the evidence was insufficient to establish beyond a reasonable doubt that appellant caused serious bodily injury to Weisner. In *State v. Janisch*, 290 N.W.2d 473, 476 (S.D. 1980), this court defined "serious bodily injury" as "such injury as is grave and not trivial, and gives rise to apprehension of danger to life, health or limb." We have already discussed appellant's participation in the assault. She was charged severally with the other defendants, whom she now says actually inflicted the moral wounds. We view the evidence in a light most favorable to the verdict. *State v. Henry*, 87 S.D. 454, 210 N.W.2d 169 (1973). Appellant wholly participated in kicking, pummeling, and lashing the victim, then dumping her, bleeding and unconscious, and leaving her to die from loss of blood. At the very minimum her actions constituted aggravated assault as set out in SDCL 22-18-1.1(1).

Accordingly, we affirm.

All the Justices concur.