STATE of South Dakota, Plaintiff and Appellee,

v.

Ronald Lee HALVERSON, Defendant and Appellant.

No. 14885.

Supreme Court of South Dakota.

Considered on Briefs Nov. 19, 1985.

Decided Oct. 22, 1986.

Robert B. Vrooman, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

James E. McCulloch, Minick, Nelson & McCulloch, Vermillion, for defendant and appellant.

PER CURIAM.

Defendant appeals from his conviction for attempted first-degree burglary in violation of SDCL 22–32–1.[1]  We reverse.

Defendant waived a jury trial and was tried by the court.  His trial combined the attempted first-degree burglary offense, which he appeals here, with another attempted burglary and window peeking offense.  The trial court found defendant not guilty of the other attempted burglary but entered findings and conclusions[2] finding him guilty of window peeking and attempted first-degree burglary.  This appeal is only from defendant's conviction for the attempted first-degree burglary.

Sometime during the night on August 14, 1984, a young woman was awakened by someone prying and tearing on the bedroom screen window of the trailer home she occupied with another woman in Vermillion, South Dakota.  The first woman was asleep in the darkened bedroom of the trailer.  As she was awakened, she heard someone jump off a cement block that was

---

1. SDCL 22–32–1 provides:
   Any person who enters or remains in an occupied structure, with intent to commit any crime therein, is guilty of first degree burglary when:
   (1) The offender inflicts, or attempts or threatens to inflict physical harm on another;
   (2) The offender is armed with a dangerous weapon; or

   (3) The offense is committed in the nighttime.
   First degree burglary is a Class 2 felony.

2. SDCL 23A–18–3 requires the court in a criminal case to enter findings if the trial is without a jury and such findings are requested.

under the window. The prowler then ran away. The women's trailer home was two trailer houses away from defendant's. Defendant was identified as a suspect by his fingerprints which were lifted off the window frame.

Evidence of other episodes between defendant and other women was introduced at trial. Before the trial of his attempted burglary and window peeking offenses, defendant pleaded guilty to another window peeking incident in the same neighborhood. This incident occurred during the same summer as the instant offense. On another occasion defendant swatted a female police dispatcher on the bottom as she walked down the street. The Vermillion police also received complaints of defendant disturbing women, though these incidents were not assaults.

Ten days after the burglary offense that defendant now appeals from, two Vermillion police officers observed defendant window peeking and attempting to break into the apartment of three Vermillion women. Appellant attempted to enter a darkened room of this apartment through a screened window but was arrested at the scene of this incident. The burglary and window peeking charges arising out of this incident at the apartment building were tried at the same time as the offense presently on appeal. Defendant was acquitted of the attempted burglary at the apartment building but was found guilty of window peeking.

Defendant testified. He denied having intended to enter either the apartment or the trailer house or that he wanted to hurt any of the women. He admitted to tampering with the screens but said it was only to improve his visibility.

■ The state filed an information against defendant alleging that the crime he intended to commit in the course of the attempted burglary was assault, although no specific assault statute was cited in the information. Generally, a burglary is an unlawful entry accompanied by an intent to commit some other crime in the process; in this case, the crime was allegedly assault.

See SDCL ch. 22–32. Defendant contends that his motion for a judgment of acquittal, SDCL ch. 23A–23, should have been granted at the close of the evidence because the evidence was not sufficient to prove beyond a reasonable doubt that he intended to commit an assault in the course of the attempted burglary.

■ In reviewing a ruling on a motion for judgment of acquittal made at the close of the evidence, and, "[i]n determining the sufficiency of the evidence on appeal, the question is whether there is evidence in the record which, if believed by the jury [or the court as fact finder], is sufficient to sustain a finding of guilt beyond a reasonable doubt." *State v. Vogel*, 315 N.W.2d 321, 322 (S.D.1982), quoting *State v. Robb*, 303 N.W.2d 368, 370 (S.D.1981); *see also State v. Gallegos*, 316 N.W.2d 634 (S.D.1982); *see generally* 4 L. Orfield, *Criminal Procedure Under the Federal Rules* § 29.18 (1967); 2 C. Wright, *Federal Practice and Procedure* § 467 (1982). The same standard of review applies to a review of the evidence at the close of the case whether it is tried by a jury or to the court. *See United States v. Cascade Linen Supply Corp.*, 160 F.Supp. 565 (S.D.N.Y.1958). Although not all of our decisions have clearly stated so, reasonable doubt is an element of the test for the sufficiency of the evidence when the trial court considers whether the case should go to the fact finder at the close of the evidence. *Compare State v. Dirk*, 364 N.W.2d 117, 121 (S.D.1985); *State v. Myott*, 246 N.W.2d 786, 788 (S.D. 1976) (omitting any reference to the element of reasonable doubt in stating the standard for reviewing motions for judgments of acquittal); with *State v. Blakey*, 332 N.W.2d 729, 731 (S.D.1983); *Gallegos, supra,* at 639; *Vogel, supra,* at 322; and *State v. Miller*, 313 N.W.2d 460, 462 (S.D. 1981) (which all make various references to the element of reasonable doubt in reviewing the sufficiency of the evidence on a motion for a judgment of acquittal); *see also Orfield, supra; Wright, supra.* Where the court is the fact finder, the issue for all practical purposes may simply be

whether there is sufficient evidence to support the conviction beyond a reasonable doubt. *Cf., e.g., State v. Hoenscheid,* 374 N.W.2d 128 (S.D.1985) (issue of the sufficiency of the evidence).

The determination of the sufficiency of the evidence to submit a case to the fact finder "may depend upon the difference between pure speculation and legitimate inference from proven facts." *Curley v. United States,* 160 F.2d 229, 233 (D.C.Cir. 1947); *see also United States v. Knife,* 592 F.2d 472, 479 (8th Cir.1979) (evidence insufficient to support verdict that defendant aided and abetted with intent to assault). In the case at bar, while the evidence clearly reveals that defendant attempted to enter the trailer house in the nighttime, the evidence is purely speculative on whether defendant's intent in attempting to do so was to commit an assault as the state had alleged. Based on defendant's other window peeking incidents and his testimony that he likes to "dream about girls," the state urges that committing an assault was "most likely" defendant's intent. The other window peeking incidents, however, were nothing more than that. In the incident at the apartment building, where an entry was arguably attempted, the entry was only attempted into a room that was unoccupied by the residents. This evidence, while it might permit conjecture and speculation as to what was "most likely" to occur, is too tenuous to support a verdict beyond a reasonable doubt that defendant intended to commit an assault in attempting to enter the trailer.

Because the evidence must be viewed in a light most favorable to the state, giving the state the benefit of all reasonable inferences, *Gallegos, supra,* we have even considered other evidence that the state might have relied on to support its allegation that defendant intended to commit an assault. This evidence includes the incidents in which defendant "disturbed" women and the swatting of a female police dispatcher. Without minimizing the seriousness of these incidents, none of them were assaults, as the legislature has defined the offenses in SDCL ch. 22–18.[3]

We have also considered the weight that the trial court may have accorded to defendant's denial of any intention to enter the trailer. When all the evidence is considered together, it is not sufficiently compelling or persuasive to support a finding beyond a reasonable doubt that defendant intended to commit an assault in the course of the attempted break in. Consequently the trial court was clearly erroneous in entering such a finding. *See* SDCL 15–6–52(a) and 23A–18–3.

We express no opinion on what other offenses, if any, the state might have proved with the evidence it presented.

The judgment of conviction is reversed.

HERTZ, Circuit Judge, acting as a Supreme Court Justice, participating.

SABERS, J., not having been a member of the court at the time this action was submitted to the court, did not participate.

---

**3.** Although the trial court referred to an assault as it is defined in SDCL 22–18–1(4), neither the complaint nor the information specified any assault statute whatsoever. Consequently, we too must speculate as to which of several possible assault provisions defendant was alleged to have violated in SDCL 22–18–1 and –1.1.