STATE of South Dakota, Plaintiff
and Appellee,

v.

Johnnie Lee BOUTCHEE, Defendant
and Appellant.

No. 15431.

Supreme Court of South Dakota.

Considered on Briefs March 23, 1987.

Decided May 27, 1987.

Clair B. Ledbetter, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

James A. Eirinberg, Sioux Falls, for defendant and appellant.

SABERS, Justice.

Johnnie Lee Boutchee (Boutchee) appeals his conviction of tampering with a witness. We affirm.

### Facts

David John McCloskey (McCloskey) witnessed a fight between his brother-in-law, Emerson Chasing Bear (Chasing Bear), and Boutchee on December 7, 1985. Boutchee was arrested and charged with assault. A preliminary hearing was held on December 13, 1985. McCloskey testified for the State, and Boutchee was bound over for trial on a charge of simple assault. As of March 27, 1986, this Chasing Bear trial was pending but McCloskey had not yet been subpoenaed to testify. The facts arise from two separate incidents of March 27, 1986. Each incident is a separate count of the two count information which charged Boutchee with tampering with a witness in violation of SDCL 22–11–19(2).

### The Heritage Park Incident

McCloskey, a resident of Humboldt, South Dakota was visiting his two brothers, Ruben and Keith, in Sioux Falls. The three brothers had just finished playing basketball at the park with some friends and relatives. Boutchee arrived with three

companions. According to McCloskey's trial testimony, Boutchee approached him, shouted obscenities, and said, "I didn't forget that incident with you and Emerson going to court," and "You better not show up." Immediately thereafter, a fight erupted between some, but not all members of the two groups which extended to the Prairie Market, a nearby grocery store. McCloskey stated that Boutchee chased him to the Prairie Market and punched him three times. After this, the two groups separated.

According to Boutchee's trial testimony, he and his companions were at the park looking for a friend. He stated that it was one of McCloskey's people who started the brawl. Boutchee denied making threatening remarks to McCloskey or chasing him to the Prairie Market. He claimed he retreated to the store to get away from McCloskey who initiated the fight.

### The Rock Throwing Incident

Approximately forty-five minutes later, McCloskey and his friends were at Ruben McCloskey's duplex apartment. Boutchee and his companions drove by the residence several times before stopping near the end of the block. According to McCloskey, Boutchee and his friends got out of the car armed with weapons—Boutchee with a machete. In response, McCloskey and his group threw rocks and other objects at them. One of McCloskey's friends called the police.

Boutchee and his friends gave inconsistent reasons for being in the vicinity of Ruben's house. Boutchee stated that as they drove past the duplex the McCloskey group threw rocks at his car. He further stated that he immediately stopped the car to check for damage and observed McCloskey and his friends running toward him. Boutchee testified that he pulled out a machete in self-defense and merely held it to stand his ground. He stated that he always keeps the machete in his car and uses it for camping and fishing purposes. Believing that one of the attackers had a gun, he and his friends jumped back into the car and left.

The police responded to the call and spoke with McCloskey. Officer Persing testified that McCloskey told him that Boutchee stood outside the duplex swinging the machete and telling McCloskey not to appear in court. The police located Boutchee in the parking lot of a submarine sandwich shop about five minutes later. McCloskey then made a citizen's arrest of Boutchee.

A jury trial was held on June 16 and 17, 1986. Boutchee was found guilty of tampering with a witness only on count two, the rock throwing incident. He was sentenced to serve two years in the South Dakota State Penitentiary.

### Boutchee's Claims

Boutchee claims error in that instruction # 16 omitted the essential element of "official proceeding" from the definition of tampering with a witness, and that there was insufficient evidence upon which the jury could base the conviction.

### 1. THE ESSENTIAL ELEMENTS OF TAMPERING WITH A WITNESS

The information [1] charged Boutchee with two counts of tampering with a witness in violation of SDCL 22–11–19(2). It specifically alleged that Boutchee threatened to injure McCloskey in order to induce him to withhold testimony or information. SDCL 22–11–19 provides in full:

*Tampering with a witness.* A person who threatens to injure any person or property, or with intent to influence a witness, offers, confers or agrees to confer any benefit on a witness or prospective witness in an official proceeding to induce the witness to:

(1) Testify falsely;

(2) Withhold any testimony, information, document or thing;

---

1. Count 2 of the information provided in part: That Johnnie Lee Boutchee on or about the 27th day of March, 1986, ... did threaten to injure ... McCloskey, in order to induce ... McCloskey to withhold testimony or information, which conduct constituted tampering with a witness in violation of SDCL 22–11–19(2).

(3) Elude legal process summoning him to testify or supply evidence; or

(4) Absent himself from an official proceeding to which he has been legally summoned,

is guilty of tampering with a witness. Tampering with a witness is a Class 4 felony.

The trial court submitted instruction # 16 to the jury which provided in full as follows:

The essential elements of the crime charged in each count of the information each of which the State must prove beyond a reasonable doubt are:

(1) That on or about the 27th day of March, 1986, in this county and state, the defendant threatened to injure David John McCloskey; and

(2) that the defendant did so with the specific intent to induce Mr. McCloskey to withhold testimony or information.

You are instructed that under the State's version of the facts the threat alleged in Count I occurred at [Heritage] Park and the threat alleged in Count II occurred at a private residence.

During the settling of jury instructions, Boutchee objected to instruction # 16 based on the trial court's failure to include the statutory language "in an official proceeding." The court responded that the State did not charge Boutchee with the language "in an official proceeding" but that Boutchee may have an argument that the information was defective. The court declined to rule on the sufficiency of the information, stating that, if there was an adverse verdict, Boutchee could attack the information and the court would then consider it. The record shows that Boutchee failed to object to the sufficiency of the information after the guilty verdict. Therefore, this issue is not preserved for appeal. The appellant must affirmatively establish a record that shows error and that the trial court was given an opportunity to correct it. *Cooper v. Cooper*, 299 N.W.2d 798, 800

(S.D.1980); *Estate of Assmus*, 254 N.W.2d 159 (S.D.1977). Nevertheless, consideration of the sufficiency of the information is necessary to determine the sufficiency of jury instruction # 16.

SDCL 23A–6–7 provides in part:

An indictment or information is sufficient if it can be understood therefrom:

\* \* \* \* \* \*

(5) That the offense charged is designated in such a manner as to enable a person of common understanding to know what is intended.

An information is sufficient if it apprises the accused of the nature of the accusation against him with reasonable certainty so that he may prepare a defense and be protected from double jeopardy.[2] SDCL 23A–6–14 provides:

No indictment or information is insufficient, nor can the trial, judgment, or other proceeding thereon be affected, by reason of a defect or imperfection in its form, which does not prejudice the substantial rights of the defendant.

■ This information expressly alleged that Boutchee threatened to injure McCloskey in order to induce him to withhold testimony or information in violation of SDCL 22–11–19(2). Boutchee was present at the preliminary hearing and heard McCloskey testify against him. The case was bound over for trial and McCloskey was expected to testify in the upcoming proceeding. This evidence was before the jury. The information advised him of the charge against him with reasonable certainty, cited the appropriate statute and subsection, and contained the material elements of the offense: the intent to induce a witness to withhold testimony or information by use of threats. It follows that the existence of the "official proceeding,"—the Chasing Bear trial which was pending as of March 27, 1986—was implicit but not essential. Although it would appear to be better practice to include the language "in an official proceeding" in an information and

---

**2.** *See:* e.g., *State v. Logue*, 372 N.W.2d 151 (S.D. 1985); *State v. Bingen*, 326 N.W.2d 99 (S.D. 1982); *State v. Lange*, 82 S.D. 666, 152 N.W.2d 635 (1967); *State v. Blue Fox Bar, Inc.*, 80 S.D. 565, 128 N.W.2d 561 (1964); *State v. Sudrala*, 79 S.D. 587, 116 N.W.2d 243 (1962); *State v. Wood*, 77 S.D. 120, 86 N.W.2d 530 (1957); *State v. Johnson*, 76 S.D. 37, 71 N.W.2d 733 (1955).

instruction under SDCL 22–11–19(2), this information met the requirements of SDCL 23A–6–7. The omission did not prevent or hinder the preparation of Boutchee's defense or deny him protection against double jeopardy. Nor did it prejudice Boutchee's substantial rights under SDCL 23A–6–14. Therefore, instruction # 16 was also sufficient to properly instruct the jury under SDCL 22–11–19(2).

Boutchee also contends that the State had a duty to show precisely what official proceeding he induced the witness to withhold testimony from, and that the State could not sustain this burden because the Chasing Bear trial was not scheduled at the time of the March 27th contact. He further argues that McCloskey was not subpoenaed to testify in an official proceeding at that time.

■ In *United States v. Davis*, 752 F.2d 963 (5th Cir.1985), the court stated that a "witness" under 18 U.S.C.A. § 1503 [3] is one who knows or is expected to know material facts and is expected to testify to them or to be called on to testify. The *Davis* court wrote that "witness" status depends, not on whether the witness himself expects to testify or expects to be called, but on whether the *defendant* knows or should expect that the witness will be called on to testify. *Id.* at 973–974. Similarly, in *Hunt v. United States*, 400 F.2d 306, 307–308 (5th Cir.1968), *cert. denied*, 393 U.S. 1021, 89 S.Ct. 629, 21 L.Ed.2d 566 (1969), the court held that a person who had given information to the government which resulted in the filing of a complaint, and who was expected to testify in future legal proceedings, was a witness within the meaning of section 1503 during the period between the preliminary hearing and the convening of a grand jury.

Here, the evidence shows that Boutchee knew that McCloskey would testify or was expected to testify in the Chasing Bear trial at the time of the March 27th incident. *Davis, supra.* The fact that the contact occurred between the preliminary hearing and the commencement of trial is immaterial. *Hunt, supra.*

■ Boutchee's attempt to condition McCloskey's status as a witness upon whether he had been summoned to court is misplaced. The State specifically charged him with a violation of subsection (2) (withholding testimony or information), not subsection (4) (absenting the witness from an official proceeding to which he has been legally summoned). The prior issuance of a subpoena to McCloskey was not an element of the charge under SDCL 22–11–19(2). Since Boutchee was charged only with subsection (2), the fact that McCloskey was not subpoenaed when the March 27th contact occurred is immaterial. The State had no duty to show that he was summoned to testify at that time.

## 2. DENIAL OF THE MOTION FOR JUDGMENT OF ACQUITTAL

■ Boutchee's motion for judgment of acquittal at the close of the State's case was denied. He renewed this motion at the close of all the evidence and was denied again. Boutchee claims that the motion was warranted because there was insufficient evidence to sustain the conviction.

In reviewing a ruling on a motion for judgment of acquittal and in determining the sufficiency of the evidence on appeal, the question is whether there is evidence in the record which, if believed by the jury, is sufficient to sustain a finding of guilt beyond a reasonable doubt. *State v. Halverson*, 394 N.W.2d 886, 887 (S.D.1986); *State v. Vogel*, 315 N.W.2d 321, 322 (S.D.1982); *State v. Moeller*, 298 N.W.2d 93, 94 (S.D. 1980). The evidence must be viewed in a light most favorable to the State, who gets the benefit of all reasonable inferences. *Halverson*, 394 N.W.2d at 888; *State v. Gallegos*, 316 N.W.2d 634, 638 (S.D.1982).

Boutchee claims that there was insufficient evidence to support a showing that he threatened McCloskey in order to induce him to withhold testimony or information. The evidence shows that Boutchee and his companions persisted in cruising by the McCloskey residence despite the earlier fight at the park. Boutchee stated that

**3.** Obstruction of Justice, *Influencing or injuring*     *officer or juror generally.*

they were just driving around. One friend testified that they were trying to locate the McCloskey residence in an effort to obtain the correct address for the police. However, another companion denied any such discussion.

Although Boutchee and McCloskey told conflicting stories as to which group initiated the incident in front of the duplex, Boutchee admitted that he pulled out a machete, but in self-defense. Officer Persing spoke with McCloskey immediately after the rock throwing incident. According to his testimony, Boutchee pulled out the machete, began swinging it, and told McCloskey not to show up in court. Persing's testimony was received in response to defense counsel's cross-examination and was directly related to count two of the information.

McCloskey stated on cross-examination that he saw Boutchee approximately three times from the time he testified at the Chasing Bear preliminary hearing until the March 27th incident. McCloskey admitted that Boutchee did not threaten him on any of those occasions. Since he and McCloskey were in contact on these three other occasions without incident and since McCloskey's trial testimony [4] was that Boutchee only said, "You better not show up," Boutchee claims the evidence fails to support the conviction and the jury had no reasonable basis for finding him guilty of tampering with a witness.

In *People v. Thomas,* 83 Cal.App.3d 511, 148 Cal.Rptr. 52 (1978), defendant Thomas' mother was on trial in connection with the shooting of the witness' son. The police told the witness that she was going to testify in the proceedings and she was seated in a hallway outside the courtroom. According to her testimony, the defendant approached her, pointed at her, and in a loud, clear, and angry voice shouted obscenities, threatened to kill her, and said, "You put my mother in jail; you had my mother picked up." The witness immediately reported this incident to a deputy sheriff and defendant was arrested. Thomas was charged by information with threatening a witness with the intent to prevent or dissuade her from testifying at trial under California law. His motion to set aside the information was granted and the People appealed. In reversing for the People, the court stated:

> There is, of course, no talismanic requirement that a defendant must say 'Don't testify' or words tantamount thereto, in order to commit the charged offenses. As long as his words or actions support the inference that he (1) sought to prevent or dissuade a potential witness from attending upon a trial or (2) attempted by threat of force to induce a person to withhold testimony, a defendant is properly held to answer. (citations omitted)

*Id.,* 83 Cal.App.3d at 513–514, 148 Cal.Rptr. at 54.[5]

Based on all the evidence and the *Thomas* rationale, SDCL 22–11–19(2) does not require a defendant to say, "Don't show up to *testify* in the *next court case,*" in order to commit the offense of tampering with a witness. Giving the State the benefit of all reasonable inferences, we find Boutchee's words, coupled with his conduct with the machete, sufficient to support the conclusion that he intended to induce McCloskey to withhold testimony or information in the pending trial.

\* \* \* \* \* \*

> *McCloskey:* Just said, 'You better not show up.'

---

**4.** McCloskey's testimony was:

*Counsel:* Do you remember telling Officer Persing that ... 'He told me not to appear in court the next month.' Remember stating that to Persing?
*McCloskey:* He didn't say show up in court. He just said, 'You better not show up.' He said he was going to get some friends and he'd be back.
*Counsel:* You never told Officer Persing [Boutchee] told you not to show up in court next month?

**5.** *See also: United States v. Harris,* 558 F.2d 366 (7th Cir.1977), which affirmed defendant's conviction for wilfully and by means of threats endeavoring to influence and intimidate a witness, where, during a criminal trial, defendant, while a spectator in the courtroom, rose during the witness' testimony, shook his fist at the witness and said, "You better not."

Accordingly, the trial court properly denied Boutchee's motion for judgment of acquittal because there was sufficient evidence in the record to sustain the jury's finding of guilt.

The judgment is affirmed.

WUEST, C.J., and MORGAN and HENDERSON, JJ., concur.

MILLER, J., concurs specially.

MILLER, Justice (concurring specially).

I concur in the result of issue 1 and concur in issue 2 of the majority opinion.

Issue 1 centered around the failure of the trial court to include any reference to the term "official proceeding" in its jury instructions. In my opinion, the state's attorney clearly erred in not pleading that the offense involved an official proceeding. It is settled law that the essential elements of a crime should be pleaded. *State v. Swallow,* 350 N.W.2d 606 (S.D.1984); *State v. Williams,* 297 N.W.2d 491 (S.D.1980); *State v. Larson,* 294 N.W.2d 801 (S.D. 1980). Further, the trial court clearly erred in taking the position with counsel that the defect was something to be objected to later as a defective information, but not something which would properly be raised at the instruction settlement proceedings. Defense objections based on a defective indictment or information on the ground that it fails to charge an offense may be raised anytime during the pendency of the proceedings. SDCL 23A-8-3(3).

The fact that the Chasing Bear trial was an "official proceeding" is one which the trial court should have judicially noticed as an adjudicative fact under SDCL ch. 19-10. Pursuant to SDCL 19-10-2, the judicially noticed facts must be not subject to reasonable dispute in that they are generally known or capable of accurate and ready determination. The trial court should have instructed the jury (1) that one of the essential elements of the offense is that the witness must be one to an official proceeding, but (2) that as a matter of law a trial is an official proceeding. SDCL 19-10-7.

Even considering the foregoing, it is my opinion that the trial court's errors were harmless. *See* SDCL 23A-44-14; *State v. Muetze,* 368 N.W.2d 575 (S.D.1985).