Bruguier vs. the United States.

BRUGUIER v. THE UNITED STATES.

*1.* *INTOXICATING LIQUORS:* SALE TO INDIANS: MISDEMEANOR. The sell-
ing or giving spirituous liquors to an Indian under the charge of an Indian
Agent, by under the Statutes of the United States is a misdemeanor—not a felony.

*2.* ——: INDICTMENT: SUFFICIENCY. Two counts in an in dictment, one for
giving away and the other for selling spirituous liquors, do not render it bad
for the reason that the jury return a general verdict of guilty.

*3.* ——: MATERIAL ALLEGATIONS: PROOF. Every allegation that is essential
must be proved as laid, unless stated under a *videlicet;* the office of which is
to mark that the party does not undertake to prove the precise circumstances
alleged.

*4.* ——: ——: ——. The allegation of time, place, quantity, quality, kind,
and value, when not descriptive of the identity of the subject of the action,
will be found immaterial, and may not be proved strictly as alleged. It is
sufficient if the proof agree with the allegation in its substance and general
character, without precise conformity in every particular.

*5.* ——: ——: ——. An indictment describing a thing by its general term,
is supported by proof of a species which is clearly comprehended within such
description. If the indictment charges that the defendant sold, to-wit: one pint
of whisky, it is sustained, if it be proved that he sold or gave to the Indian
spirituous liquors.

*Writ of Error to Yankton County District Court.*

THIS case comes to this court by petition in error under our
statute of 1862.

The indictment was for selling and giving spirituous liquors
to an Indian, in two counts. Trial by jury, October term,
1867, Second Judicial District, BARTLETT, C. J., presiding.

It charged in one count that the defendant wrongfully and
unlawfully gave, and in the other that he unlawfully and
wrongfully sold to a " certain Indian Chief, commonly known
by the English name of the *Man that was struck by the Ree,*
and whose Indian name is *Pa-la-ne-a-pa-pe,* * * * and
being then and there under the charge of an Indian Agent,"
etc., " a quantity of spirituous and intoxicating liquors,
to-wit: one pint of whisky." But it did not charge that the
act was done feloniously.

On the trial, the plaintiff offered to introduce as a witness
Pa-la-ne-a-pa-pe, an Indian. The defendant objected to his

testifying upon the ground that he was an *Indian.* The court overruled the objection, and he testified.

The defendant requested the court to charge the jury, that the " government must prove either the giving or selling of whisky, as stated in the indictment, or the jury must find a verdict of not guilty," which the court refused to do, but did instruct them, among other things, that "if the defendant * * * gave or sold to the said Strike-the-Ree any whisky or spirituous liquors, knowing it to be such, then the defendant is guilty and the jury must so find." He further instructed them that proof of the selling, or giving of wine, gin, whisky, or brandy, or any spirituous liquor to the Indian mentioned by the defendant is sufficient to support the indictment." Exceptions by the defendant were taken to the said ruling and charge of the court.

The jury returned a general verdict of guilty. The defendant moved in arrest of judgment on the grounds that the indictment did not charge the defendant with having committed the act with a felonious intent; and that the verdict be set aside and a new trial granted, because there was a general verdict of guilty on the two counts in the indictment. The court overruled both motions. Exceptions by the defendant.

There were other questions raised on the trial and are in the record, but these mentioned before are the only ones relied upon by the defendant in argument.

*William Tripp*, for plaintiff in error,

Cited 30 Maine, 29; 7 do., 132; Stark. on Evidence, 1530-1-2; *State v. Godfrey*, Fairfield's (Me.) R., 361; Eastman's Dig., (Me.) R., 385, paragraphs 7, 8, 9 and 10; Wharton on Cr. Law, 196, 73, 74, 996, 1037; Greenleaf's Ev. 134, 135, § 65; 24 Arkansas R., 620.

*George H. Hand*, U. S. Attorney, for defendant in error.

Jurisdiction on ceded lands (4 Wallace, *United States v. Halliday*, 407.) What is a felony? (1 Arch. Cr. Prac., 2;) offenses under § 21, P. O. Act, 1825, not felonies; (Bright. Dig.,

216, § 80;) public officers acting as such; (Greenleaf, §§ 83, 92.) Proving the sale of intoxicating liquors is sufficient under the indictment without specifying any particular kind in proof. (Wharton's Cr. Law, 1st Vol., 622.) General verdict on two counts is good. (Am. Cr. Law, Vol. 1, 422; *People v. Austin*, Parker's Cr. Reports, 154.)

KIDDER, J.—The statute upon which the indictment in this case was drawn, is as follows: " Every person, except an Indian in the Indian country, who sells, exchanges, gives, barters, or disposes of any spirituous liquors or wine to any Indian under the charge of any Indian superintendent or agent," etc., " shall be punishable," etc. 4 U. S. Stat. at Large, 564; *vide* also Stat. of June 30, 1834, § 70 and the 13 U. S. Stat. at Large, 29.

I. Is the offense a felony? If so, the judgment of the court below ought to have been arrested, because the act of selling should have been charged in the indictment to have been done feloniously.

The term felony appears to have been long used to signify the degree or class of crime committed, rather than the final consequence of its commission. In cases where the statute declares that the offender shall be deemed to have feloniously committed the act, it makes the offense a felony. The statute under which this prosecution is commenced does not use this phrase.

Offenses under the 21st section of the Postoffice Act of the United States, of 1825, for detaining, embezzling, stealing letters or remittances, (wherein the punishment is much ·more severe than in the case at bar,) are not felonies. See opinion of the Supreme Court in the case of the *United States v. Lancaster.* The cutting of timber on government lands has always been considered a misdemeanor.

Originally the word felony had a meaning well defined, bu t it has become vague and undefined, being controlled entirely by the statutes of different states. Acts of parliameht and

---

*5 Wheat., 434; *United States v. Mills*, 7 Peters, 430.

statutes of states, by their peculiar phraseology, make certain offenses felonies which were not so by the common law. In America, statutes define the distinction, and as it seems to us clear that the statute herein quoted does not make the offense alleged in the indictment a felony, the court properly refused to arrest the judgment.

II. For that the indictment contained two counts, and the jury returned a general verdict of guilty, the defendant below claimed that judgment should be arrested and he have a new trial. There is no principle in law better settled than that when an indictment contains more than one count, and one of them is good, and a general verdict has been rendered, the court will not arrest the judgment, but will proceed to sentence the defendant on a good count. American Crim. Law, 422, and cases there cited; 12 Vermont, *State v. Davidson*, 300. In the 22 Vermont, *State v. Bugbee*, 32, in a prosecution for selling spirituous liquor without a license, analagous to this, wherein there were more than one count and some of them bad, the court say: "The court in such case do not arrest the sentence, but proceed to sentence on the good counts alone." There is, however, no pretense in this case but that both counts were good, saving the question herein decided as to the word felony; and it is, therefore, safe to conclude that the court committed no error in not arresting the judgment for this reason.

III. Was an Indian a competent witness in this case? No authorities have been presented to the court on either side in this regard, and, therefore, the argument on the side of the prosecution upon this point, has taken the ground that no distinction should be made in this Territory so far as color or race is concerned, and *vice versa* on the other. It seems to us that there should not be any distinction made so far as color or race is concerned, and it would indeed be very unwholesome for us, in this age of constitutional reform, when we are endeavoring to establish principles in consonance with the intelligence of the time in which we live to consider ourselves obliged *in rigore juris* to arrive at any other conclusion. Every person should have equal rights under the law. But referring to the 13 U. S. Statutes at Large, 351 and 533, and

Bruguier vs. the United States.

12 do. 588, we find this language employed: "In the courts of the United States no witness shall be excluded in any action on account of color." * * * "In all other respects, the laws of the state in which the court is held shall be the rules of decision as to the competency of witnesses in the courts of the United States in trial at common law, and in equity and admiralty."* In connection with this federal statute let us construe that of Dakota, (*vide* Stat., 1862, p. 99, § 308) wherein we find this language: "Every human being of sufficient capacity to understand the obligations of an oath, is a competent witness in all cases, both civil and criminal." It is plain and certain then that Pa-la-ne-a-pa-pe was a competent witness in this case, and was properly admitted to testify therein, if he was a "human being," which we have not the prerogative to deny; and most certainly, there being no evidence in the case, so far as the record shows, touching this point, it would be seemingly very improper for us, on our own motion, to settle the question here by judicial determination against his humanity.

IV. The pleader having used, in the indictment, the words, "to-wit: one pint of whisky," was the prosecution bound to prove it to be the article named ? The statute first quoted is, any person who shall give or sell to any Indian * * * "any spirituous liquors or wine," shall be liable. Must it be proved as alleged ? Does it come within the well known rule of being descriptive of the offense, and under the class that must be proved ?

Generally, every allegation that is essential, in whatever form it may be stated, must be proved. There is, however, a middle class of circumstances not essential in their nature, which may become so by being inseparably connected with the material allegations. These must be proved as they are laid unless they are stated under a *videlicet;* the office of which is to mark that the party does not undertake to prove the precise circumstances alleged; and in such cases he is ordinarily not holden to prove them. A *videlicet* will not avoid a variance, or dispense with exact proof in an allegation of material matter. The allegations of time, place, quantity,

quality, kind and value, when not descriptive of the identity of the subject of the action, will be found immaterial, and may not be proved strictly as alleged. It is sufficient if the proof agree with the allegation in its substance and general character without precise conformity in every particular. An indictment describing a thing by its generic term, is supported by proof of a species which is clearly comprehended within such description. Thus: if the charge be of poisoning by a certain drug, and the proof be of poisoning by another drug, it is sufficient;* or, if the charge be of a felonious assault with staff and the proof be of such an assault with a stone; 1 Greenleaf, (sixth edition) 80 to 97, and notes are authorities sufficient upon this point and are (generally) all in favor of this position herein laid down.

In cases where there are two words or phrases, as in this case—" spirituous liquor" and " whisky "—the broader includes the latter.

The statute does not use the word " whisky," but whisky is spirituous liquor; proof, then, of the giving or selling of " spirituous liquor," the word being controlled by a *videlicet*, whatever the allegation in the indictment might be—whether rum, gin, brandy or whisky, or any other thing which is spirituous liquor, the allegation would be sustained and the proof should be regarded as competent to sustain such charge in the indictment. 1 Whar. Crim. Law, 622; and cases there cited.

No' errors appearing in the record, the judgment of the court below is

AFFIRMED.

---

*Since this decision was pronounced, a Statute of the United States has been passed, whereby all persons can "give evidence" and shall enjoy the benefits of all laws *a la* white citizens within the jurisdiction of the United States Revised Statutes of the U. S., 348, § 1977.　　　　　REPORTER.