STATE, Respondent v. SUDRALA, Appellant

(116 N.W.2d 243)

(File No. 9948. Opinion filed July 10, 1962)

**Francis J. Parker,** Deadwood, for Defendant and Appellant.

**A. C. Miller,** Atty. Gen., Pierre, **D. O Dillavou,** State's Atty., Lawrence County, Deadwood, for Plaintiff and Respondent.

RENTTO, P. J.  The defendant, licensed as a Class C package dealer in intoxicating liquors at Deadwood, South Dakota, was convicted of selling such liquor to a person under the age of 21 years. He appeals from the judgment entered thereon.

In SDC 5.0226 it is provided that: "(2) No licensee shall sell any intoxicating liquor: (a)   To any person under the age of twenty-one years;". This is the statute which

defendant was accused of violating. Punishment for such violation is prescribed in SDC 5.9905.

The information on which he was prosecuted, so far as here material, alleged that he "unlawfully sold intoxicating liquor, to-wit: one quart of Stilbrook whiskey". The principal complaint of defendant on this appeal arises by reason of the allegation made under the videlicet—that is, the portion of the quoted language set out after the term to wit.

In advising the jury as to the crime with which defendant was charged the court in its introductory instruction quoted the charging portion of the information in full. The jurors were also told in another instruction that the only question for them to decide was whether or not, on or about the day in question, the defendant, or any of his clerks, sold intoxicating liquor to the named minor. Defendant objected and excepted to the latter statement claiming that it should have been limited to the whiskey described in the information.

■ It was not necessary for the state to allege that the intoxicating liquor was Stillbrook whiskey, but having done so, it became a matter of essential description. In 2 Bishop's New Criminal Procedure, 2d Ed., § 485 (2) the rule is stated thus: "If a necessary allegation is made unnecessarily minute in description, the proof must satisfy the descriptive as well as main part, since the one is essential to the identity of the other." See also 42 C.J.S. Indictments and Informations § 250; 27 Am.Jur., Indictments and Informations, § 178. Intoxicating liquor is an essential ingredient of the crime. Because the allegation Stillbrook whiskey is descriptive of that which is essential it also must be proved. Bruguier v. United States, 1 Dak. 5, 46 N.W. 502.

■ An information must apprise the defendant with reasonable certainty of the accusation against him so that he may prepare his defense and plead the judgment as a bar to a subsequent prosecution for the same offense. State v. Sinnott, 72 S.D. 100, 30 N.W.2d 455. These pur-

poses would be defeated if the rule as to matters of essential description were otherwise than as above stated. McLendon v. State, 121 Ga. 158, 48 S.E. 902. Without the rule one could be convicted upon the same evidence under several informations which differed in matters of essential description.

That defendant in this case was misled by the allegation that he sold Stillbrook whiskey is obvious from the manner in which he defended against the charge. Practically the only evidence offered in his behalf was a tedious and painstaking explanation of the running daily inventory which he kept in the operation of his establishment, involving numerous and detailed exhibits, which, if true, established that his store did not sell Stillbrook whiskey to anyone on the day in question. The challenged instruction, in effect, pulled the rug from under a defense which he was induced to present and rely on by the claim of the state made in the information.

■ ■ The description of the intoxicating liquor as one quart of Stillbrook whiskey is under a videlicet. When any fact alleged in pleading is preceded by "to-wit," "that is to say," or "namely," such fact is said to be laid under a videlicet. There are cases which hold its use will avoid a variance, that is, dispense with the necessity of strictly proving the averment made thereunder. 44 Words & Phrases, Perm.Ed., Videlicet, p. 264; 42 C.J.S. Indictments and Informations § 104. That was not the rule at common law. State v. Scovill, (Mo.) 15 S.W.2d 931; nor is the rule in this state that broad.

In Bruguier v. United States, supra, our territorial Supreme Court said:

"A videlicet will not avoid a variance, or dispense with exact proof in an allegation of material matter. The allegations of time, place, quantity, quality, kind, and value, when not descriptive of the identity of the subject of the action, will be found

immaterial, and may not be proved strictly as alleged."

It is to be noted that the type of allegations referred to, are immaterial only "when not descriptive of the identity of the subject of the action,". That case held that the word "whiskey" was not descriptive of the identity of "spirituous liquor". Contra see State v. Scovill, supra. Both of these terms are generic in nature. That is not our situation. Here the generic term whiskey is further limited by the brand name Stillbrook.

■ We think it must be held that the phrase Stillbrook whiskey is descriptive of the identity of the intoxicating liquor which defendant was accused of selling. It made specific that which before was general. See McLendon v. State, supra; 2 Bishop's New Criminal Procedure, 2d Ed., § 486(1). Moreover, it was the only liquor referred to in the state's evidence. Since such description was an allegation of material matter to be proved strictly as alleged, it confined the charge against the defendant. The disputed instruction authorized defendant's conviction of a charge different from that alleged in the information. Since he could be tried only on the charge alleged the court in giving this instruction erred to his prejudice.

Because the other errors assigned are not such as will likely arise on a retrial, comment on them would serve no useful purpose.

Reversed.

ROBERTS, SMITH and BIEGELMEIER, JJ., concur.

HANSON, J., dissents.