STATE of South Dakota, Plaintiff
and Respondent,

v.

Glenn Franklin BROWN, Defendant
and Appellant.

No. 12501.

Supreme Court of South Dakota.

Argued May 16, 1979.

Decided Dec. 5, 1979.

Judith A. Atkinson, Asst. Atty. Gen., Pierre, for plaintiff and respondent; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

Ralph C. Hoggatt, Deadwood, for defendant and appellant.

ANDERST, Circuit Judge.

Appellant, Glen Franklin Brown, is appealing from the court's finding him guilty of six sexual crimes against three young girls. We affirm as to count one of the one-count information and as to counts one and seven of the multiple-count information and reverse as to counts three, six and eight of the multiple-count information.

One of the victims is appellant's adopted daughter, who was about ten years of age at the time of trial. The two other victims, age six and ten at the time of trial, were foster children, daughters of appellant's wife's sister, who were placed in his home.

Shortly after she and her sister returned to live with their natural mother, the younger foster daughter told her mother that the appellant had forced her to do certain terrible things. A few weeks later, and without knowledge of her sister's revelation, the older girl confessed to her mother of similar facts. The mother immediately contacted the authorities who interviewed the two girls at their home.

As part of their investigation, the authorities also questioned appellant's adopted daughter at school. Upon being confronted, she told them appellant had been sexually molesting her over the past two and one-half years, the last incident occurring only a few days prior to the interview.

Based on this information, the state's attorney charged the appellant in one complaint with rape of his adopted daughter and in another complaint with ten counts of indecent molestation and six counts of rape

of his foster children. After preliminary hearings, the appellant was arraigned on one information alleging rape of his adopted daughter and another information alleging three counts of indecent molestation of a minor child and five counts of first-degree rape.

Appellant pleaded not guilty to all counts of both informations. He waived jury trial and the matters were consolidated for trial to the court. The court entered formal findings of fact and conclusions of law finding appellant guilty of the one-count information and counts one, three, six and eight of the multiple-count information. He was found not guilty of counts two and five of the multiple-count information.

Appellant's assignments of error constitute five groups: (1) The court erred in allowing the prosecution to ask leading questions of the victims. (2) The court erred in not allowing appellant to object during direct examination of the victims. (3) The court erred in allowing testimony of other alleged acts of sexual molestation. (4) The court erred in finding appellant guilty of acts which were different from the acts specifically pleaded in the information. (5) The evidence was insufficient to sustain the verdicts of guilty.

 We first take up appellant's claim that the court erred in allowing the state's attorney to ask leading questions of the three victims. The three young girls were testifying about acts of sexual molestation by the man they called "Dad" or "Uncle Glenn." It had to be a frightful and traumatic experience for them. The only other time that the state's attorney had spoken with the girls about the incidents or that they had testified before a group of strange adults was at the preliminary hearings. It is settled law that permitting the use of leading questions is within the discretion of the trial court. This is a broad discretion when the witness is a young person. The allowance of leading questions by the trial court will not be disturbed where it is not

apparent that this discretion has been abused or shown to have resulted in prejudice to the party complaining. *State v. Fullerton Lumber Co.*, 35 S.D. 410, 152 N.W. 708 (1915); *State v. Albers*, 52 S.D. 582, 219 N.W. 263 (1928); *State v. Goff*, 86 S.D. 354, 195 N.W.2d 521 (1972). The trial court specifically found that due to the circumstances and age of the witnesses, leading questions would be allowed. We find no abuse of discretion by the trial court nor prejudice to appellant in this ruling.

 The next alleged error is somewhat related to the first. The trial court ruled that because of the difficult time the three young victims were experiencing in trying to testify, appellant's attorney would be restrained from interrupting their direct examination for the purpose of objecting to either the questions asked or the answers given. At the close of the direct examination, appellant's attorney could then object to or move to strike any question or answer given and the court would then rule. Appellant's attorney strenuously objected to this procedure. A trial judge is vested with considerable discretion in regulating the manner of examination of witnesses and his exercise of that discretion will not be disturbed unless it has been abused or substantial harm has improperly been done to the complaining party. *Mevorah v. Goodman*, 79 N.D. 443, 57 N.W.2d 600 (1953); 81 Am. Jur.2d Witnesses § 417 (1976). This was a trial to the court. It is presumed that a trial judge will consider only competent evidence in arriving at his decision. *Matter of N.J.W.*, 273 N.W.2d 134 (S.D.1978). The purpose of objecting to testimony is to preserve the record for appeal. SDCL 23–51–16.[1] *State v. Gayton*, 83 S.D. 141, 155 N.W.2d 919 (1968). The procedure established by the trial court allowed appellant to object, and his record for review was preserved. We find no abuse of discretion or harm done by the court's ruling.

1. SDCL 23–51–16 provides, in part:

On an appeal from a judgment the Supreme Court may review any order, ruling, or determination of the trial court, involving the merits and necessarily affecting the judgment and appearing upon the record . . . . .

We turn, then, to appellant's contention that the trial court erred in admitting testimony of other alleged acts of sexual molestation. In the case of *State v. Houghton*, 272 N.W.2d 788, 790 (S.D.1978), we discussed at length the rule and reasons for allowing or excluding evidence of other crimes. We set forth therein the rule that evidence of prior "conduct of a defendant [may be admissable if it] establishes a material fact which is at issue . . . . Such material facts include identity, knowledge, intent or malice, motive, acts which are part of a plan or system of criminal action and acts constituting continuous offenses."[2] Finding an exception to the rule excluding other crimes, the trial court must then determine whether the evidence should be admitted.

"The question of balancing the probative value against the risk of unfair prejudice and the other Rule 403 considerations is one for the trial judge to resolve in the sound exercise of discretion. With regard to our review of the exercise of that discretion, we must determine whether there has been an abuse of discretion." *State v. Houghton*, supra at 791 (footnotes omitted). Again, as we stated earlier, it is presumed that in a trial to the court the trial judge will consider only competent evidence. A review of the whole record on the subject shows no abuse of discretion by the judge in allowing the testimony into evidence.

Appellant further urges as error the material variance between the charges in counts three, six and eight of the multiple-count information and the court's findings of fact and conclusions of law.[3] Apparently, the only state requiring written

2. This common law rule has been substantially embodied in the South Dakota Rules of Evidence, Rule 404(b), effective July 1, 1978.

3. Count 3 of the Information charged the appellant as follows:

That Glenn Brown . . . in December of 1976, around Christmas Time or the latter part of said month, on a Wednesday night when Ivy Brown and the other children in the family went to a meeting in Hot Springs . . did willfully, unlawfully and feloniously commit a lewd and lascivious act with . . . a female child who was about eight years old at the time, with intent [of] arousing or gratifying said Defendant's lust or sexual desires, in that said Defendant forced . . . to commit fellatio with him, in violation of SDCL 22–22–7 . . . .

The court in Finding of Fact 15 found as follows:

That as to Count 3, Indecent Molestation of . . . in December, 1976, the Court finds that in that month the Defendant did place his genitals in her vagina for the purposes of enhancing his sexual desires thereby committing the act of Indecent Molestation.

The court's Conclusion of Law III stated:

That the State of South Dakota has proven beyond a reasonable doubt that the Defendant, Glenn Franklin Brown . . . forced . . . to commit an act of sexual intercourse with him, in violation of SDCL 22–22–7, and the Defendant did thereby commit the crime of INDECENT MOLESTATION OF A MINOR CHILD as charged in Count 3 of the Information.

Count 6 of the Information charged the appellant with committing "an act of sexual intercouse [sic] with a female not his wife . . . ."

The court's Finding of Fact 16 found the appellant "placed his genitals in . . . mouth, thereby committing an act of sexual penetration."

The court's Conclusion of Law VI concluded the appellant committed "an act of sexual intercourse with a female not his wife."

Count 8 of the Information charged the appellant with committing "an act of sexual intercourse with a female not his wife . . . ."

The court's Finding of Fact 18 found the appellant "did place his genitals in the mouth of . . . thereby penetrating her in a sexual manner, to enhance his sexual gratification."

The court's Conclusion of Law VIII stated the appellant did "commit an act of sexual intercourse with a female not his wife. . . ."

Pertinent statutes in effect at the time of the alleged offenses are:

SDCL 22–22–1 provides, in part:

Rape is an act of sexual penetration accomplished with any person . . . under any one or more of the following circumstances:

. . . . .

(2) Where the victim is incapable, because of physical or mental incapacity, of giving consent to such act . . . . .

SDCL 22–22–2 provides:

Sexual penetration means an act, however slight, of sexual intercourse, cunnilingus, fellatio, anal intercourse, or any intrusion, however slight, of a genital or of any object into the genital or anal opening of another person's body.

SDCL 22–22–7 provides, in part:

Any person, fifteen years of age or older, who knowingly engages in sexual contact

findings of fact in a criminal case is Michigan. Otherwise, it is universally held that a finding of guilt by a judge, sitting without a jury, necessarily includes a finding that the state has proved each material element of the crime beyond a reasonable doubt. *State v. Means,* 268 N.W.2d 802 (S.D.1978). However, when formal findings of fact and conclusions of law are entered by the court, they become part of the record subject to appellate review.

 The state argues that the variance between the pleadings and the proof was not material. In *Brugier v. United States,* 1 Dak. 5, 9–10, 46 N.W. 502, 503 (1867), our territorial Supreme Court said:

A *videlicet* will not avoid a variance, or dispense with exact proof in an allegation of material matter. The allegations of time, place, quantity, quality, kind, and value, when not descriptive of the identity of the subject of the action, will be found immaterial, and may not be proved strictly as alleged (emphasis in original).

Even though an information must state the elements of the crime with sufficient particularity to apprise the defendant with reasonable certainty of the accusation against him so that he may prepare his defense and plead the judgment as a bar to subsequent prosecution for the same offense, *State v. Belt,* 79 S.D. 324, 111 N.W.2d 588 (1961), it was not necessary for the state to allege with the particularity it did herein. See SDCL 23–32–4.[4] But having done so, it becomes a matter of essential description. " 'If a necessary allegation is made unnecessarily minute in description, the proof must satisfy the descriptive as well as main part, since the one is essential to the identity of the other'." *State v. Sudrala,* 79 S.D. 587, 589, 116 N.W.2d 243, 244 (1962), citing 2 Bishop's New Criminal Procedure, 2d Ed., § 485(2).

with another person, other than his spouse when such other person is under the age of fifteen years is guilty of a Class 3 felony. SDCL 22–22–7.1 provides:

As used in § 22–22–7, the term, "sexual contact," means any touching, not amounting to rape, of the breasts of a female or the genitalia of any person with the intent to arouse or gratify the sexual desire of either party.

 The law in effect at the time of trial herein provided for either a general verdict or a special verdict.[5] A special verdict was one in which the jury finds the facts only, leaving nothing remaining to the court but to draw conclusions of law thereon. In our situation, with the court substituting for the jury, findings of fact must be sufficiently comprehensive to support a conclusion of law of guilt of the offense charged in the information. They must be direct and certain and must embrace all the necessary elements. *State v. Jameson,* 69 S.D. 565, 13 N.W.2d 46 (1944). As to counts three, six and eight, these requirements were not met. The court's conclusions of guilt as to those counts will be reversed.

 As his last major point of error, appellant raises the question of sufficiency of the evidence to support the remaining verdicts of guilty. The trial court was able to observe the demeanor and manner of the witnesses while testifying and to weigh their credibility. Conflicting testimony was received and the court in its findings made a decision as to which was the more convincing. It is well-settled law that findings of the trial court will not be set aside unless those findings are clearly erroneous. Further comment on the evidence and facts would not be appropriate in light of our holdings herein, nor is it necessary for our decision. It is sufficient to find that the trial court's remaining findings of fact and conclusions of law are supported by substantial evidence.

We have considered the other issues raised on appeal and find them to be without merit or not to warrant discussion.

All the Justices concur.

ANDERST, Circuit Judge, sitting for HENDERSON, J., disqualified.

4. Repealed by 1978 S.D.Sess.L. ch. 178, § 577, effective July 1, 1979.

5. Special verdicts, except the verdict of "not guilty by reason of mental illness," were abolished by 1978 S.D.Sess.L. ch. 178, § 577, effective July 1, 1979.