STATE of South Dakota, Plaintiff
and Appellee,

v.

David Wayne TIGER, Defendant
and Appellant.

No. 14600.

Supreme Court of South Dakota.

Considered on Briefs Feb. 5, 1985.

Decided April 3, 1985.

John Bastian, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

Thomas E. Klinkel of Richardson, Groseclose, Kornmann, Wyly, Wise & Klinkel, Aberdeen, for defendant and appellant.

WUEST, Acting Justice.

David Wayne Tiger (appellant) was found guilty of third-degree burglary and was sentenced to the South Dakota State Penitentiary. We affirm.

On December 28, 1983, at approximately 10:00 p.m., appellant, who had been drinking, left a party located at a house one mile from the Oahe Veterinary Hospital and Clinic (the clinic), near Mobridge, South Dakota. At approximately 10:15 p.m., Dr. Gene Monfore (Monfore) went to the clinic. Dr. Monfore had been there two hours earlier and had locked the building upon leaving it. When he re-entered the clinic, Monfore heard an unfamiliar noise coming from an unlighted area. He investigated, discovering appellant, who explained that the front door had been open, and that he had entered in order to warm himself and use the telephone. Appellant also stated, albeit falsely, that two people were with him. Dr. Monfore noticed a broken window in the rear of the building and a crow-

bar and chisel lying on the desk where appellant had been standing. The tools were not Monfore's property, and he had never seen them before.

Dr. Monfore gave appellant permission to use the telephone and while appellant was placing a call Monfore went to his pickup and returned with a rifle. He called the police and held the rifle on appellant until they arrived, at which time appellant was arrested. Dr. Monfore and Officer Johnson (Johnson) made a complete check of the outside of the building, noting that all of the doors were locked except for the front door, which had previously been unlocked by Monfore. While outside the building, Monfore and Johnson noticed footprints in the snow directly below the broken window. These tracks matched with footprints made by appellant's shoes. Footprints were also observed coming from the direction of the city. These tracks also resembled those made by appellant's shoes. An inspection of the inside of the building, including the pop machine and safe, revealed nothing missing or damaged. While appellant appeared sober shortly after his arrest, an intoxilyzer test administered at appellant's request showed his blood alcohol content to be .12.

At trial, State introduced evidence through the testimony of Kelly Sandmeier (Sandmeier) that on or about November 11, 1981, Sandmeier and appellant had entered the clinic by breaking a rear window, and had stolen approximately one hundred dollars from the pop machine located in the building's lobby. On cross-examination, Sandmeier testified that on the prior date he had been the leader and had broken the window and coin box; however, he and appellant split the money they obtained. Appellant was charged with this prior crime, but in return for a guilty plea to another burglary the charge against him was dismissed. Appellant claims that the trial court abused its discretion when it admitted this evidence of a prior crime. Before admitting the evidence, the trial court found it relevant and that its probative value substantially outweighed the danger of unfair prejudice.

Evidence of other crimes, wrongs, or acts may be admissible as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." SDCL 19–12–5. In *State v. Means,* 363 N.W.2d 565, 568 (S.D.1985), we stated:

In ruling on the admissibility of evidence of other crimes, wrongs, or acts, a trial court must first determine relevancy. [*State v. Wedemann,* 339 N.W.2d 112 (S.D.1983).] 'Any fact that tends to connect an accused with the commission of a crime is relevant and has probative value.' *State v. Dace,* 333 N.W.2d 812, 816 (S.D.1983), *quoting from State v. Johnson,* 316 N.W.2d 652 (S.D.1982). 'Such other incidents are material if they show a plan or system of criminal action and acts constituting continuous offenses.' *Id.* If the trial court determines the evidence is relevant, it must then decide whether the probative value of the evidence substantially outweighs its prejudicial effect. If, although relevant, the court decides its admission will produce unfair prejudice to the defendant, it cannot be admitted. *Dace, supra; Wedeman, supra; State v. Iron Shell,* 336 N.W.2d 372 (S.D.1983); *State v. Brown,* 285 N.W.2d 843 (S.D.1979); *State v. Houghton,* 272 N.W.2d 788 (S.D.1978); SDCL 19–12–3. This delicate balancing process is within the trial court's sound discretion. *Dace, supra; State v. Holland,* 346 N.W.2d 302 (S.D.1982); *Wedemann, supra; Houghton, supra.* The question on review is whether the trial court abused that discretion. *Wedemann, supra; Houghton, supra; Brown, supra.* (emphasis in original)

■ Here, the evidence of the prior crime is not some collateral matter offered solely for prejudicial purposes. The evidence is directed to the vital issue of whether appellant intended to commit theft while in the clinic. This issue was seriously disputed at trial. Through his witnesses, appellant maintained that he was too intoxicated to have the prerequisite intent. The jury had to determine what appellant was doing there. The evidence indicated

that appellant, from prior experience, knew that he could break into this particular clinic with relative ease and that easy-money awaited him. This evidence, when considered with the other facts; namely, that appellant left a presumably warm house, walked directly to the clinic on an extremely cold night, broke a window to gain access, and was found hiding in a darkened portion of the building in the presence of a crowbar and chisel, tends to indicate that appellant was there to commit theft rather than use the telephone. The State "is not precluded from introducing evidence relevant to establishing an element of an offense merely because of the existence of other evidence relevant to that element." *State v. Pedde*, 334 N.W.2d 41, 42 (S.D. 1983) (citations omitted). We are unable to say that the trial court abused its discretion in allowing the testimony of Sandmeier.

Appellant claims that he was denied effective assistance of counsel, an issue first raised by appellant at the time of his sentencing.* Appellant claims that his attorney provided ineffective assistance because: (1) she did not object to evidence at the preliminary hearing or trial; (2) she may have antagonized the jurors on voir dire; (3) her cross-examination was shallow; (4) she did not object to the instructions or propose any; and (5) she failed to interview a defense witness.

This is another case in which appellant was caught "in the act" and now turns on his trial counsel because he was convicted. *See* special concurring opinion of Wuest, Acting Justice, in *State v. Hammond*, 357 N.W.2d 278, 279 (S.D.1984).

▆ Appellant began preparation of his defense within one hour of his arrest by requesting an intoxilyzer test. His primary defense at trial was lack of intent because of intoxication. Appellant called his sister to establish his intoxication. Appellant also called an alcohol counselor, suggesting he may have had an alcoholic blackout. As stated in appellant's brief, "the strategy apparently was to infer that

the defendant might have suffered from one of the blackouts described by Mr. Haug." Unfortunately for appellant, the jury did not accept this defense. Appellant's complaints against defense counsel may be largely attributed to trial tactics. In *Jones v. State*, 353 N.W.2d 781, 784 (S.D.1984), we stated:

> This court's function is not to second-guess the tactical decisions of the trial attorney, nor will we substitute our own theoretical judgment for that of defense counsel; but this court should not hesitate to reverse a conviction if the record reveals that a defendant was not afforded effective assistance of counsel.

As stated in *Hammond*, 357 N.W.2d at 280 (Wuest, Acting Justice, concurring specially):

> As stated in the majority's opinion, generally, this court will not review an appeal on the basis of ineffective assistance of counsel unless trial counsel's actions amount to plain error. Under either the standard set by the United States Supreme Court in [*Strickland v. Washington*, —— U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)], or the standard enunciated by this court in previous cases, regarding ineffective assistance of counsel, the facts do not indicate such error.

The complaints of appellant fail to establish "plain error."

Finally, appellant claims that the trial court erred by failing to grant his motion for acquittal at the close of State's case. In ruling on this motion, the trial court "had to resolve all conflicts in the evidence and inferences that could be drawn from the evidence in favor of the State at the end of its case-in-chief." *State v. Esslinger*, 357 N.W.2d 525, 530 (S.D.1984). *See also State v. Bult*, 351 N.W.2d 731 (S.D. 1984); *State v. Decker*, 317 N.W.2d 138 (S.D.1982); *State v. Gallegos*, 316 N.W.2d 634 (S.D.1982); *State v. Vogel*, 315 N.W.2d 321 (S.D.1982).

* Appellant was not unfamiliar with criminal procedure, having been sentenced to thirteen years as an habitual criminal upon admitting four prior felony convictions at sentencing.

The evidence showed (1) footprints; (2) a broken rear window; (3) appellant in the clinic near a chisel and crowbar; (4) familiarity with the premises from a previous break-in; and (5) appellant's statement to Dr. Monfore that he went into the building to get warm and use the telephone, though he had just left his sister's warm home where a party was in progress.

We believe the trial court did not err in denying the motion for acquittal and affirm the conviction.

FOSHEIM, C.J., and MORGAN, J., concur.

WOLLMAN and HENDERSON, JJ., concur in result.

HENDERSON, Justice (concurring in result).

I am compelled to concur in the results of this case due to the treatment by the majority opinion of the ineffective assistance of counsel issue.

As in *State v. Tchida*, 347 N.W.2d 338 (S.D.1984), defense counsel was young, inexperienced, and did not have the legal ability to effectively represent appellant. In the case at bar, defense counsel's ineffective representation was not bottomed in trial strategy. It resulted from those factors I have set forth above and below which begot poor pretrial preparation and trial adversarial performance. Defense counsel made no attempts of discovery; failed to interview the State's witnesses endorsed on the information; failed to investigate the circumstances of the crime; failed to interview a potential witness which the appellant specifically requested be obtained as a witness; failed to object to key, damaging testimony of the State when it was highly probable that the damaging evidence was inadmissible; failed to object to any of the proposed instructions of the State; failed to object to any of the court's instructions; failed to propose any instructions on behalf of the appellant; failed to object to repeated leading questions throughout the trial; failed to actively participate in objecting to other questions during the trial asked by the State's Attorney which appeared to be either immaterial or

without foundation; and failed to affirmatively produce testimony to establish that appellant lacked the specific intent vital to establish intent to commit theft.

Finally, defense counsel permitted Instruction No. 16 to go before the jury which is an instruction dealing with the "natural, probable, and usual consequences" language which has been condemned generally in the United States and more specifically in *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). Having written these words of indictment against the professional competency of this attorney, I conclude that her skills were not "the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances." *High Elk v. State*, 344 N.W.2d 497, 500 (S.D.1984) (quoting *United States v. Easter*, 539 F.2d 663, 666 (8th Cir.1976)).

However, I am constrained to follow the dictates of the United States Supreme Court. In *Strickland v. Washington*, —— U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the highest Court of the land determined that it was not only necessary to show that counsel's representation fell below an objective standard of reasonableness, but also, except for counsel's unprofessional errors, there was a reasonable probability that the result of the proceeding would have been different. In *Jones v. State*, 353 N.W.2d 781, 784 (S.D.1984), writing for this Court, Retired Justice Francis Dunn wrote:

The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. To reverse a conviction on ineffective assistance grounds, a defendant must show: 1) that counsel's performance was deficient; and 2) that the deficient performance prejudiced the defense. The test for prejudice is whether there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different.

Notwithstanding the serious flaws in the investigation, preparation, assistance, and trial conduct of court-appointed counsel, I cannot say that but for counsel's unprofessional errors there is a reasonable probability that the result of the proceeding would have been different. Here, appellant was caught hiding in a dark room with a wrecking bar and chisel and a broken window near him. Simply put, he was a burglar caught red-handed in the act of burglary. Evidence reflected the shoe prints directly below the broken window matched the shoes worn by appellant when he was arrested.