**STATE of South Dakota, Plaintiff and Appellee,**

v.

**William LaCROIX, Defendant and Appellant.**

**Nos. 15819 to 15821.**

Supreme Court of South Dakota.

Considered on Briefs Feb. 17, 1988.

Decided May 18, 1988.

Roger A. Tellinghuisen, Atty. Gen., Craig M. Eichstadt, Asst. Atty. Gen., Pierre, for plaintiff and appellee.

Richard Braithwaite, Sioux Falls, for defendant and appellant.

ZINTER, Circuit Judge.

William LaCroix (defendant) appeals from convictions for first degree burglary (# 15819 and # 15821) and aggravated assault (# 15820). We affirm in # 15819 and # 15820 and reverse in # 15821.

The charges of burglary and aggravated assault in # 15819 and # 15820 arose out of an incident in which defendant entered the Sportsman Bar in Sisseton, South Dakota, and attempted to strike Karen Janisch with a pool cue. The charge of burglary in # 15821 resulted from an incident occurring shortly thereafter in which defendant

entered the V.F.W. Club in Sisseton and struck Vernice White in the face with his fist. Defendant waived his right to trial by jury and was found guilty after a trial to the court.

#### # 15820: AGGRAVATED ASSAULT— SPORTSMAN BAR

■ Defendant was charged under SDCL 22–18–1.1(5), which provides that any person who "[a]ttempts by physical menace with a deadly weapon to put another in fear of imminent serious bodily harm" is guilty of aggravated assault. The gravamen of the offense is the *attempt* to put a person in fear of imminent serious bodily harm. Actual fear of imminent serious bodily harm is not an essential element of the offense. *State v. Stapleton*, 387 N.W. 2d 28 (S.D.1986).

■ Although actual fear is not an essential element of the offense, state charged defendant by an information which alleged that Karen Janisch was put in fear of imminent serious bodily harm.[1] Defendant concedes that state need not have made this allegation. However, defendant argues that since state alleged the victim was actually put in fear of harm, it became a matter of essential description and state was required to prove the allegation. Although we have considered the issue of essential description on numerous occasions,[2] we need not address it here, because even if the allegation was a matter of essential description which must be proved, there is sufficient evidence in the record to sustain a finding that the victim was actually put in fear of imminent serious bodily harm.

In determining the sufficiency of the evidence on appeal, the question is whether there is evidence in the record which, if believed by the jury [or the court as fact finder], is sufficient to sustain a finding of guilt beyond a reasonable doubt. In making such a determination, this court will accept that evidence and the most reasonable inferences that can be fairly drawn therefrom which will support the verdict. We will uphold the jury's verdict if the evidence and the reasonable inferences drawn therefrom sustain a rational theory of guilt. *State v. Bartlett*, 411 N.W.2d 411 (S.D.1987); *State v. Davis*, 401 N.W.2d 721 (S.D.1987). Where the court is the fact finder, the issue for all practical purposes may simply be whether there is sufficient evidence to support the conviction beyond a reasonable doubt. *State v. Halverson*, 394 N.W.2d 886 (S.D.1986).

The record reveals that Karen Janisch and her husband are the owners of the Sportsman Bar. At approximately 12:00 midnight the Janischs were closing the bar. They were alone cleaning when the defendant barged his way in as Mr. Janisch was attempting to lock the door. Because of previous problems Mrs. Janisch had prohibited defendant from entering the premises. On this occasion defendant was angry and upset. He ran over to the pool table, grabbed a pool cue, went after Karen Janisch and attempted to strike her with the cue while verbally threatening her. Mrs. Janisch took refuge behind the bar. Her husband interceded and after a struggle, Mr. Janisch forcibly ejected defendant from the premises.

Karen Janisch testified that she was scared when defendant was coming after her with the pool cue.[3] When asked why she was afraid, she testified that defendant had hit her on a prior occasion and she knew she could not handle him. She had

---

1. The information charged that: "[defendant] did attempt by physical menace with a deadly weapon to put another in fear of imminent serious bodily harm, to-wit: the said William LaCroix attempted to strike Karen Janisch with a pool cue at the Sportsman Bar, Sisseton, South Dakota, *putting her in fear of imminent serious bodily harm . . .*" (emphasis added).

2. *See State v. Winckler*, 260 N.W.2d 356 (S.D. 1977) (footnote 5); *State v. Heisinger*, 252 N.W. 2d 899 (S.D.1977); *State v. Thomas*, 78 S.D. 568,

105 N.W.2d 549 (1960); *Bruguier v. United States*, 1 Dak. 5, 46 N.W. 502 (1867): *Compare State v. Brown*, 285 N.W.2d 843 (S.D.1979); *State v. Sudrala*, 79 S.D. 587, 116 N.W.2d 243 (1962).

3. Although this evidence was elicited in response to a leading question, no objection was made to the question and counsel did not move to strike the answer. Defendant's counsel on appeal was not his trial counsel.

used mace on defendant before and had personally asked him to leave or had him removed by the police on several occasions.

After hearing the evidence, the trial court found that the manner in which defendant used the pool cue "would put her [Karen Janisch] in fear of imminent serious bodily injury." In its written findings of fact, the trial court found that defendant "attempted by physical menace to put Karen Janisch in fear of imminent serious bodily harm," and that "the manner in which the pool stick was waved by [defendant] was offensive and was likely to put one in fear of great bodily harm." Even if state was required to prove actual fear on the part of Karen Janisch, the evidence and all reasonable inferences therefrom were sufficient to support a finding of actual fear on the part of the victim. The evidence was sufficient beyond a reasonable doubt to support the conviction in # 15820.

### # 15819: FIRST DEGREE BURGLARY—SPORTSMAN BAR

Although defendant appeals from his conviction for first degree burglary arising out of his entry of the Sportsman Bar, he did not brief or argue any issues relating to the appeal. It is well settled that failure to submit authority in support of a position on appeal constitutes waiver of that argument. *State v. Banks*, 387 N.W.2d 19 (S.D. 1986); *State v. Shull*, 331 N.W.2d 284 (S.D. 1983). *See* SDCL 15–26A–60(6). Therefore, we affirm defendant's conviction for burglary in # 15819.

### # 15821: FIRST DEGREE BURGLARY —V.F.W. CLUB

■ Defendant was convicted of first degree burglary of the V.F.W. Club upon an information which charged that he "did *enter* an occupied structure in the night-time with intent to commit a crime therein, to-wit: the said William LaCroix entered the V.F.W. Club, 116 E. Ash, Sisseton, South Dakota, with intent to commit assault ..." (emphasis added) Defendant concedes that there was ample evidence to prove all elements of this offense except a finding that he *entered* the V.F.W. Club with intent to commit an assault. Al-

though the information could have alleged that the defendant entered or remained with intent to commit a crime, it only alleged entry. State concedes it was obligated to prove entry into the V.F.W. Club with intent to commit an assault. Under this concession we agree that the evidence, when taken together with all reasonable inferences drawn therefrom, was insufficient to find beyond a reasonable doubt that defendant entered the V.F.W. Club with intent to commit an assault.

The evidence reveals that defendant entered the Sportsman Bar at approximately 12:00 midnight and was ejected after the assault on Karen Janisch. Shortly thereafter, defendant entered the V.F.W. Club which was a block and a half from the Sportsman Bar. Vernice White, who resembles Karen Janisch from the back, was standing at the bar. She heard a voice from behind call her "Karen". When she turned around, defendant hit her in the face and knocked her to the floor.

State contends it was reasonable to infer that since defendant attempted to inflict serious injury upon Karen Janisch at the Sportsman Bar, the intent to assault Karen Janisch continued through the time he entered the V.F.W. Club and approached Mrs. White, whom he thought was Karen Janisch. Although state is entitled to reasonable inferences fairly drawn from the evidence to support the verdict, the determination of the sufficiency of the evidence may depend upon the difference between mere speculation and legitimate inference from proven facts. *Halverson, supra* at 888.

Here, there was no evidence of defendant's demeanor when he entered the V.F.W. Club or evidence establishing how long defendant was in the club prior to assaulting Mrs. White. There was no evidence indicating Karen Janisch could have arrived at the V.F.W. Club before defendant. The more legitimate inference is that there was insufficient time for Karen Janisch to have finished cleaning the Sportsman Bar and have arrived at the V.F.W. Club prior to defendant's entry. Based upon the evi-

dence, one can only speculate whether defendant entered the V.F.W. Club with intent to assault "Karen," or whether he entered the V.F.W. Club and after his observance of "Karen" he decided to assault her. The evidence and all reasonable inferences drawn therefrom might permit conjecture or speculation as to defendant's intent when he entered the V.F.W. Club, but it is too tenuous to support the verdict. Therefore, defendant's conviction for burglary in #15821 is reversed.

WUEST, C.J., and MORGAN, HENDERSON and SABERS, JJ., concur.

ZINTER, Circuit Judge, for MILLER, J., disqualified.