STATE of South Dakota, Plaintiff
and Appellee,

v.

Keith M. LEWANDOWSKI, Defendant
and Appellant.

No. 16984.

Supreme Court of South Dakota.

Considered on Briefs Sept. 18, 1990.

Decided Nov. 21, 1990.

Jeffrey P. Hallem, Asst. Atty. Gen., Roger A. Tellinghuisen, Atty. Gen., on brief, Pierre, for plaintiff and appellee.

William E. Coester, Milbank, for defendant and appellant.

MILLER, Chief Justice.

This is an appeal from the circuit court's order affirming defendant's magistrate court conviction for driving under the influence of alcoholic beverages, second offense. We affirm.

## FACTS

Adeline and Bill Birchem live thirteen miles east of Sisseton, South Dakota. Their home, which was formerly known as the Rock Island Resort, is located by Lake Traverse on Roberts County Highway No. 7. On January 6, 7 and 8, 1989, there was a blizzard in Roberts County.

On Sunday, January 8, Adeline noticed a pickup truck in her yard, stuck in a snowbank. It appeared to the Birchems that the pickup was driving back and forth trying to get onto the nearby lake. Defendant, who was operating the pickup, came to Birchems' house, in an apparent attempt to get help. The Birchems did not let him into the house because the snow prevented them from opening the doors. (The snow at that time was about knee high.) However, Bill visited with defendant through the door. Defendant ultimately crawled back to his pickup and Bill made a call to the Roberts County Sheriff's Office. Thereupon, the dispatcher contacted Sheriff Neal Long and advised him that a possible drunk driver was stuck in a snowbank at the Birchem residence.

Upon his arrival at the scene, Sheriff Long saw that defendant was in the pickup, the motor was running, the wheels were spinning and the vehicle was moving, in an apparent attempt to get out of the snowbank. (The pickup appeared to be in a snowbank about three feet high.) Sheriff Long testified that he noticed defendant's tire tracks coming off Highway 7, going into a snowbank, then backing up, going ahead a few times, and then getting stuck in the next snowbank. Further, those were the only tracks that the sheriff noticed. Sheriff Long testified that the only way one could get into Birchems' yard would be to come off from Highway 7.

Sheriff Long approached the pickup, took the keys out and grabbed a twelve-pack of beer and one open container out of the cab. Long smelled a strong odor of alcoholic beverages on defendant's breath, observed that defendant had bloodshot eyes, was thick tongued, "had a mush mouth and staggered." No field sobriety tests were given. At that point, defendant was arrested for DUI and taken to the sheriff's office.

Upon arrival at the sheriff's office, defendant explained to Sheriff Long that he had started from home. He later changed his story and said he had been at the Circle K Resort. (The Circle K Resort is south of Birchems' residence on Highway 7.) Sheriff Long asked defendant if he had been drinking and he replied "Yeah, Yeah, I guess I have." In response to a question about the amount he had drank, defendant responded "Too much." Later, defendant was videotaped, read his implied consent

rights and asked if he would consent to a blood test. Defendant consented and was taken to the hospital. After the blood sample was taken,[1] defendant was returned to the sheriff's office, read his Miranda rights and Sheriff Long attempted to interrogate defendant. He was again videotaped.

Defendant was charged with driving under the influence, second offense. He pleaded not guilty and the case went to trial before a magistrate court jury. At trial, after the State rested, defendant moved for judgment of acquittal on the grounds that State failed in its burden of proving beyond a reasonable doubt that defendant was guilty of the offense charged, principally arguing a lack of proof that he had been on the highway alleged. In rebuttal, State argued that it was a fact question for the jury because there was adequate circumstantial evidence. The magistrate agreed and denied the motion.

Defense counsel then made his opening statement, indicating that the defense would attempt to show that defendant appeared much more intoxicated in the second videotaped session (after he had returned from the hospital) than he had in the first videotape (when defendant was asked to submit to a blood test). The defense theory was that the jury could therefore conclude that at the time defendant was driving he was not under the influence of alcoholic beverages. During the defense's case, the videotape was marked and admitted into evidence and subsequently shown to the jury. However, it contained only one segment of defendant (the first session). The second session, which was taken after defendant had returned from the hospital, was not on the tape. The tape had been in the sheriff's possession the entire time. Sheriff Long testified that he did not know what happened to the second portion.

The jury subsequently convicted defendant. He appealed to circuit court pursuant to SDCL ch. 15-38. Defendant submitted his initial brief on November 7, 1989. State's brief was served upon defendant's attorney on the 22nd day of December, 1989. The circuit court issued its memorandum opinion on December 27, 1989, before defendant filed a reply brief. The circuit court affirmed defendant's conviction. Defendant appeals.

## ISSUE I

WHETHER THE CIRCUIT COURT ERRED IN ISSUING ITS MEMORANDUM DECISION BEFORE DEFENDANT HAD AN OPPORTUNITY TO FILE HIS REPLY BRIEF.

▪ Defendant argues that the circuit court erred in issuing its memorandum decision before he had an opportunity to file his reply brief, contra to SDCL 15-38-37.[2] We agree that the trial court did not strictly follow the statute, but believe that any error was harmless. "Prejudicial error is that which, in all probability, has produced some effect upon the final result and to have affected the rights of the party assigning that error." *State v. Hansen*, 407 N.W.2d 217, 219 (S.D.1987).

Here, the circuit court was acting on appeal, making legal determinations. Since this court is also reviewing those determinations, we find no prejudicial error.

## ISSUE II

WHETHER THERE WAS SUFFICIENT EVIDENCE TO SUPPORT THE CONVICTION.

▪ In determining the sufficiency of the evidence on appeal, the question presented is whether there is evidence in the record which, if believed by the jury, is

---

1. The results of the blood analysis, although received at the preliminary hearing, were not offered at trial, apparently due to problems with extrapolation.

2. SDCL 15-38-37 provides:
   Unless the times are shortened by the circuit court, the appellant shall serve and file his brief within thirty days after the filing of the tran-script or within thirty days after notice of appeal where there is no transcript. The appellee shall serve and file his brief within thirty days after service of appellant's brief; and appellant may serve and file a reply brief within *ten days* after service of appellee's brief. (Emphasis added.)

sufficient to sustain a finding of guilt beyond a reasonable doubt. In making this determination, this court will accept that evidence, and the most favorable inferences that can be fairly drawn therefrom which will support the verdict. *State v. Huettl*, 379 N.W.2d 298, 301 (S.D.1985) (citing *State v. Braun*, 351 N.W.2d 149, 151 (S.D.1984). This court will only set aside a jury verdict where the evidence and the reasonable inferences to be drawn from the evidence do not sustain a rational theory of guilt. *Id.* at 302 (*citing State v. Wedemann*, 339 N.W.2d 112 (S.D.1983).

Defendant was charged under SDCL 32–23–1, which provides: "A person may not drive or be in actual physical control of any vehicle while: ... (2) under the influence of an alcoholic beverage."

Defendant contends that there was insufficient evidence at trial to support the jury verdict. He principally asserts that there was insufficient evidence to show that he had been driving a motor vehicle under the influence *on Roberts County Highway 7.*

■ State, rather than merely alleging violation of the statute in general terms, added new elements to the proof. The Information specifically alleged that defendant "did drive a vehicle while under the influence of alcoholic beverages, to wit: the said [defendant] drove a *1979 Chevrolet* truck bearing *Minnesota license # 514BHW for the year 1988* along and upon *Roberts County Highway # 7 near the Rock Island Resort*, Roberts County, South Dakota at a time when he was under the influence of alcoholic beverages." (Emphasis added.)

Thus, State increased its burden to show not only that defendant was operating a vehicle while under the influence of alcohol, BUT ALSO that he was driving a certain specific vehicle, with a specific license plate AND that it was being operated at a *specific* location. *State v. Brown*, 285 N.W.2d 843 (S.D.1979); *State v. Sudrala*, 79 S.D. 587, 116 N.W.2d 243 (1962); *cf. State v. Johnson*, 76 S.D. 37, 71 N.W.2d 733 (1955).

We conclude, however, that the jury could have reasonably found that defendant was driving on Highway 7 while under the influence of an alcoholic beverage. Sheriff Long observed the defendant's tire tracks coming from the highway. Testimony showed that the only way he could have been there was by way of Highway 7. The sheriff personally observed various signs of defendant's intoxication, at one point describing defendant as "falling down drunk." Further, there is defendant's own statement that he had consumed alcohol that day and that he was drunk.

## ISSUE III

**WHETHER THE TRIAL COURT ERRED IN NOT DECLARING A MISTRIAL OR ENTERING A JUDGMENT OF ACQUITTAL WHEN STATE FAILED TO PROVIDE THE SECOND PORTION OF DEFENDANT'S VIDEOTAPE WHICH WAS IN STATE'S CUSTODY AND CONTROL.**

■ The defendant has not preserved this issue for appeal because he made no motion for judgment of acquittal on these grounds nor was a motion for a mistrial presented.[3] *See, e.g., State v. Giuliano*, 270 N.W.2d 33 (S.D.1978).

■ We do not believe it rises to the level of "plain error." SDCL 23A–44–15 provides: "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of a court." Thus, South Dakota has adopted the "plain error rule" and may, on appeal, notice defects which affect substantial rights even though the defendant failed to properly preserve such defects for appeal. *State v. Bunnell*, 324 N.W.2d 418 (S.D. 1982). The plain error rule applies only in exceptional cases, and then it must be applied cautiously; the rule does not encompass every error which occurs at trial, but only those errors which are both obvious and substantial. *State v. Dornbusch*, 384 N.W.2d 682 (S.D.1982); *State v. Sheridan*, 383 N.W.2d 865 (S.D.1986).

---

3. Defendant's attorney merely made an offer of     proof.

ISSUE IV

## WHETHER THE TRIAL COURT PROPERLY INSTRUCTED THE JURY.

■ Defendant alleges that the trial court erred in adopting State's proposed instruction No. 1. The instruction stated:

You are instructed that the statutes of the State of South Dakota provide that it shall be unlawful for any person to drive any motor vehicle while under the influence of an alcoholic beverage.

Here, the defendant's alternative instruction would have included the words "on a public street or highway" to the foregoing instruction.

First, we note that the language of the court's instruction, *supra*, exactly follows the language of the statute (SDCL 32–23–1). Further, it must be observed that the court's instruction No. 7 additionally provided:

The essential elements of the offense of driving a motor vehicle while under the influence of an alcoholic beverage, each of which must be proved by the State beyond a reasonable doubt, are:

1. That at the time and place alleged in the Information;
2. *The defendant drove a motor vehicle on a public street or highway;* and,
3. That while driving the defendant was under the influence of an alcoholic beverage. (Emphasis added.)

In *State v. Stapleton*, 387 N.W.2d 28, 31 (S.D.1986), we reiterated that

"... it is not error to refuse to give jury instructions which are already embodied in other given instructions. *State v. Cook*, 319 N.W.2d 809 (S.D.1982); *State v. Grey Owl*, 295 N.W.2d 748 (S.D.1980). Jury instructions are adequate when, considered as a whole, they give the full and correct statement of the law applicable to the case. *Cook, supra; Grey Owl, supra.* Appellant has the burden to show not only error, but prejudicial error to the effect that under the evidence, the jury might and properly would have returned a different verdict if appellant's instructions had been given. *Cook, su-*

*pra; Grey Owl, supra; Lytle v. Morgan,* 270 N.W.2d 359 (S.D.1978)."

We find that, reviewing the jury instructions as a whole, the instructions are correct statements of the law as applied to the case.

Affirmed.

WUEST, MORGAN and SABERS, JJ., concur.

HENDERSON, J., concurs with writing.

HENDERSON, Justice (concurring).

We do not know if the second tape was exculpatory or incriminatory.

Concerning the tape, Lewandowski is urging a due process violation. No showing was made by Lewandowski that the tape, which the State failed to produce, was exculpatory in nature. *See, generally, Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

This Court addressed the concerns of Lewandowski in *State v. Boykin*, 432 N.W.2d 60 (S.D.1988), concerning a supposed due process violation for negligent loss of potentially exculpatory evidence. We stated:

It is clear that suppression by the prosecution of evidence favorable to an accused violates due process rights under the Fourteenth Amendment where the evidence has been requested by the accused and is material either to guilt or punishment, irrespective of the good or bad faith of the prosecutor. *State v. Clabaugh*, 346 N.W.2d 448, 450 (S.D. 1984) (citing *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)). "[W]hen the Government has been responsible for delay resulting in a loss of evidence to the accused, we have recognized a constitutional violation only when loss of the evidence prejudiced the defense." *United States v. Valenzuela–Bernal*, 458 U.S. 858, 868, 102 S.Ct. 3440, 3447, 73 L.Ed.2d 1193, 1203 (1982). The extent of the government's duty to take affirmative steps to preserve evidence on behalf of the criminal defendants is, how-

ever, not precisely clear. *See California v. Trombetta*, 467 U.S. 479, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984).

> Whenever potentially exculpatory evidence is permanently lost [through prosecutorial neglect or oversight], courts face the treacherous task of divining the import of materials whose contents are unknown and, very often, disputed.

*Trombetta*, 467 U.S. at 486, 104 S.Ct. at 2533, 81 L.Ed.2d at 421 (citing *Valenzuela–Bernal*, 458 U.S. 858, 102 S.Ct. 3440).

> Whatever duty the Constitution imposes on the States to preserve evidence, that duty must be limited to evidence that might be expected to play a significant role in the suspect's defense. To meet this standard of constitutional materiality, see *United States v. Agurs*, 427 U.S. [97], at 109–110, 96 S.Ct. 2392, at 2400, 49 L.Ed.2d 342 [(1976)], evidence must both possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means.

Lewandowski did not satisfy the requirements of *Boykin* because he had a burden to show that the undisclosed evidence prejudiced the defense and created a doubt concerning his guilt *which did not otherwise exist*. There was a plethora of evidence to establish his guilt. Testimony of the sheriff and observations of the Birchems established his guilt beyond a reasonable doubt. Here, the missing tape played no "significant role" in the words of *Boykin*.